No. 14544

IN THE SUPREME COURT OF THE STATE OF MONANA

1979

IN RE THE MARRIAGE OF

NEAL G. JENSEN,

Petitioner and Respondent,

-vs-

EMELIA B. JENSEN,

Respondent and Appellant.

Appeal from:  District Court of the Eighth Judicial District,
              Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Alexander, Kuenning, Miller and Ugrin, Great Falls, Montana

    For Respondent:

        Dzivi, Conklin, Johnson & Nybo, Great Falls, Montana

Submitted on briefs: April 25, 1979

Decided: JUL 1 1 1979

Filed: JUL 1 1 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Emelia B. Jensen from the District Court, Eighth Judicial District, Cascade County, Montana, from a judgment of marriage dissolution awarding custody of a minor child to the father. We affirm.

Petitioner, Neal G. Jensen ("Neal") and Emelia B. Jensen ("Millie") were married on June 18, 1975, in Cascade County, Montana. At the time of the dissolution, Neal was 26 years of age and Millie was 22 years of age. One child was born of the marriage, Camila Jo Jensen, approximately 3 years of age at the time of the decree of dissolution.

The decree of dissolution found the marriage to be irretrievably broken, divided the parties marital properties between them, provided that the husband pay one-half of the counsel fees incurred by Millie in the dissolution proceedings, and awarded custody of the minor child to Neal, with Millie to have custody at least one month during the summer, on some holidays, and other reasonable rights of visitation as the parties between themselves might work out. Millie appeals only from that portion of the decree awarding the custody to the father.

Millie's appeal raises three principal issues:

(1) The evidence does not overcome the presumption that Millie was entitled to have the custody of the minor child.

(2) The witnesses testifying in favor of Neal were inherently incredible.

(3) The trial court abused its discretion in finding, with respect to the custody of the minor child, that (a) there was a close and dependent relationship between the child and Neal; (b) that the father would be better able to

-2-

provide for the child; (c) that the mother resented the child, and her intrusion into her social and educational life; (d) that the father was more mature, and with the paternal grandparents, could supply a more stable environment and home for the child; (e) that Millie was about to enter medical school, and therefore could not give the child the kind of stable environment the child needed.

The trial court determined, based upon the factors set out in issue three above, that the child's best interests would be served if her custody were awarded to the father where she had a better chance of living in a stable home environment.

In essence, all of the issues raised by Millie attacked the sufficiency of the evidence to support the trial court's finding, relating to the best interests of the child. In that circumstance, Millie has the heavy oar on appeal. She must show there is a clear abuse of discretion by the trial court, overcome the presumption that the judgment of the District Court is correct, demonstrate that there is a clear preponderance against the findings, and we must view the evidence in the record in favor of the prevailing parties. In Re the Marriage of Brown (1978), _____ Mont. _____, 587 P.2d 361, 35 St.Rep. 1733, 1738; Weber v. Weber (1978), _____ Mont. _____, 576 P.2d 1102, 35 St.Rep. 309; Brooks v. Brooks (1976), 171 Mont. 132, 556 P.2d 901; Gilmore v. Gilmore (1975), 166 Mont. 47, 50, 530 P.2d 480; In Re Adoption of Biery (1974), 164 Mont. 353, 522 P.2d 1377; Merritt v. Merritt (1974), 165 Mont. 172, 177, 526 P.2d 1375; Rule 52(a), Mont.R.Civ.P.

The presumption that the mother is entitled to the custody of a child of tender years is no longer statutory, but still exists, though not a conclusive presumption. In Re Marriage of Tweeten (1977), _____ Mont. _____, 563 P.2d 1141, 34 St.Rep. 337. Millie contends that because the trial court found that

-3-

each of the parties were fit persons to have the custody of the child, therefore the presumption obtains, and she is entitled to custody of Camila. Millie does not contend that she is entitled to the custody of the child as a matter of law, but rather that the presumption is a factor when both parties are fit parents, that must be overcome. She also contends that unless the presumption is overcome, the trier of fact must find in accordance with the presumption under Rule 301, Mont.R.Evid.

We held In Re Marriage of Isler (1977), ____ Mont. _____, 566 P.2d 55, 34 St.Rep. 545, that once the presumption has been overcome, the Court may then apply the best interest requirements of the statute, section 40-4-212 MCA, as between the father and the mother. Because the District Court made no express finding that the presumption had been overcome in this case, Millie contends that an award in accordance with the presumption should have been made.

The true rule is that the Court is required to determine custody in accordance with the best interests of the child, under the statutory directive of section 40-4-212 MCA. The presumption exists, but it is not controlling or conclusive (Tweeten, supra) and is overcome when the trial court makes a determination under the relevant factors set out in section 40-4-212 MCA that the best interests of the child would be served by awarding the custody to the father. A specific finding that the presumption has been overcome is not necessary where it otherwise appears from the record and in the findings that the court makes its decision upon the relevant factors set forth in the statute, and that those factors are made in the best interest of the child. See Brown, 587 P.2d at 366, where we said:

> ". . . Our review of the District Court's findings, bearing in mind the great deference we give to the District Courts in this area, convinces

-4-

this Court the District Court considered the presumption to have been overcome and found the [sic] Benjamin to be the better person for custody . . ."

We determine that the findings of the District Court under the test of the best interest of the child overcame the presumption attending the mother of a child of tender years.

On the next issue, Millie attacks the credibility of six of Neal's witnesses, including the husband, on the grounds that their evidence is inherently improbable. Millie contends that because those witnesses were inherently incredible, the findings of the Court are not based on sufficient evidence. Timmerman v. Gabriel (1970), 155 Mont. 294, 470 P.2d 528; Ericksen v. Ericksen (1968), 152 Mont. 179, 448 P.2d 144.

The evidence attached is not so inherently improbable or contradictive as to require disbelief. Without prolonging this opinion by a recitation of the elements of the evidence, the witnesses generally testified that the mother did not play with her child, the mother was lax in doing the household laundry, and the child exhibited feelings of fear of the mother. Millie claims the witnesses, particularly Neal, exaggerated isolated events as though they were a usual course of behavior. Our review of these elements of the testimony does not reveal that they should be entirely cast aside, nor that because thereof, the remaining testimony of these witnesses should be disregarded. The credibility of witnesses received in a nonjury trial is for the trial judge to determine, and his determination will not be set aside, absent a clear abuse of discretion. Rule 52(a), Mont.R.Civ.P.

The third and final issue relates to the contention of Millie that the District Court abused its discretion in finding the factors upon which it based its award of custody to Neal.

The relevant factors to be considered by the Court, as set forth in section 40-4-212 MCA, appear to be satisfied.

-5-

The child was too young to express her wish as to which parent should have custody; each of the parents were desirous of custody. There was no argument about the mental and physical health of either Millie or Neal. Therefore, the remaining factors under the section included the interaction and interrelationship of a child with his parent or parents, and other persons who might significantly affect the child's best interests, and the child's adjustment to his home and community.

With respect to those factors, the District Court found that the child had a close and more dependent relationship with her father than with her mother. That conclusions are supported by the facts that the mother was frequently gone for long periods from the home and that the father, a practicing lawyer, had taken the time to devote a good deal of attention to his daughter. The court found that the father was presently better able to provide for the child's emotional, physical and material needs than the mother. The evidence supports this conclusion because the father could provide a stable home and the child appeared to be doing well in the father's environment. The court further found that the mother appeared to have some resentment toward the child because she had intruded upon her youth. Her actions, as testified to at the trial, provided substantial basis for this conclusion. There is no doubt that her plans include a medical education for herself and the District Court finding that this would remove her or materially affect her ability to provide a stable home environment for the child was a position well take. In all, the court found that the child, by being awarded to the father, would have superior mental and moral care or supervision, which should allow her to become well-adjusted to her home and community. The totality of the evidence indicates the correctness of the District Court decision.

Therefore, Millie having failed to establish any basis upon which the District Court's award of custody of the child to Neal should be overturned, the decision of the District Court is affirmed.

_____
                         Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
             Justices

-7-