MR. JUSTICE SHEA
delivered the opinion of the Court.
Merrie Markegard (herein referred to as the mother) appeals from that portion of a marriage dissolution decree entered in Yellowstone County District Court awarding custody of the parties’ twenty-month old son to John Markegard (herein referred to as the father).
The mother contends that the trial court erred in the following respects: (1) that the trial court ignored the relevant factors in section 40-4-212, MCA, with regard to a determination of custody; (2) that the trial court failed to properly consider the presumption that a mother is entitled to custody of a child of tender years; and (3) that the decision is bottomed on a determination which in essence discriminates against the mother because she is now an Oregon resident. We vacate the order of the trial court because it did not consider the appropriate factors contained in section 40-4-212.
The marriage was of short duration. The parties were married on May 30, 1976 and in October 1978, the mother filed a petition to dissolve the marriage. A son was born of the marriage. The mother is a nurse and currently resides in Portland, Oregon, where her parents also reside. The father lives on a farm between Laurel and Park City, Montana. He has resided in Montana all of his life and farms land leased from his father.
After filing a dissolution action, the mother continued to live in Montana for a short time, living with friends. She was, however, unable to find employment and moved from Billings to Portland in November 1978 to find employment. She had temporary custody of the child and the father was paying temporary child support.
After a hearing on child custody, the trial court entered judgment finding that both parents loved the child, both were fit and *376 proper parents, and both parents wanted custody. The court concluded that all things being equal, the best interests of the child would be better served by keeping the child in Montana and therefore awarding custody to the father. The apparent reasoning of the trial court is that a court of this state would be able to continue to protect the child and promote the child’s welfare and best interests. Why a court in Oregon, should the need arise, not be able to do the same thing, we are not informed. The mother was given visitation rights. This appeal followed.
Section 40-4-212 sets forth the criteria for a trial court to consider and weigh in deciding the issue of child custody. Although three of the five factors are not pertinent here, the trial court’s findings on the other two factors are nothing more than conclusory statements, not reflecting at all the evidentiary basis for the decision. In determining child custody, the trial courts must consider the statutory criteria, Counts v. Chapman (1979), 180 Mont. 102, 589 P.2d 151; and as a reviewing court we can only determine if the pertinent factors were considered and if the trial courts made appropriate findings with relation to these criteria. In re Marriage of Capener (1978), . . . Mont. . . ., 582 P.2d 326, 328, 35 St.Rep. 1026.
Admittedly, several factors set forth in the statute are not pertinent to this case. Section 40-4-212(3), however, requires the trial court to consider the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child’s best interest. The findings with respect to the father are sufficient but they are insufficient with respect to the mother. We cannot overlook this factor in light of the fact that the child lived with the mother in Portland for approximately one year before the dissolution hearing and that the child’s maternal grandparents also live in Portland.
Section 40-4-212(4), MCA, requires the trial court to consider the child’s adjustment to his home, school, and community. School is not a factor here, but the child’s adjustment to his home is an im *377 portant factor which must be considered and findings made. No such findings were made here.
Section 40-4-212(5), MCA, requires the trial court to consider the mental and physical health of all individuals involved. There are no findings at all with relation to this factor. Although the record is replete with evidence relating to the mother’s mental and physical health, there are absolutely no findings with relation to her health. Furthermore, the child has an eye problem which has required medical and surgical attention which was not expressly addressed.
Although we must vacate the judgment and remand for another hearing, there are two matters that we will address. The mother contends that the trial court did not consider or apply the presumption that a mother is entitled to custody of a child of tender years. This presumption is no longer statutory. We stated in the case of In re Marriage of Tweeten (1977), 172 Mont. 404, 409, 563 P.2d 1141, 1144, that this presumption still exists. Reflection on this question, however, causes us to believe that the presumption should not exist in the absence of a particular statute so declaring. We do not believe that there is a sound theory or rationale in support of a judicial declaration that such a presumption exists. We further believe that this presumption is outdated in light of the enactment of the Uniform Marriage and Divorce Act in this state. The presumption serves only to confuse the parties and to burden the courts. For this reason, we overrule Tweeten with respect to the tender years presumption.
The second matter upon which we choose to comment is the trial court’s determination that the child would be better off in Montana. Although we cannot say that residence was the sole basis underlying the trial court’s decision awarding custody to the father; it appears from the trial court’s findings that the residence of the parties was an important consideration. Under section 40-4-212, MCA, residency is a factor to be considered in determining custody. But the clear implication here is that somehow the Montana courts could protect the welfare of the child but the Oregon courts could not. Because there is no evidence that the *378 child needed court protection or intervention — both parties were declared fit and proper and both wanted custody — we see nothing that a Montana court could do that an Oregon court could not also do. Any concept of parens patriae under these facts is misapplied. To hold contrary would result in penalizing a parent because he or she has moved to another state. There is nothing in the record here to show that a court probably would be involved in the future with relation to the child.
We vacate the decree with relation to child custody and remand for another hearing, and direct that appropriate findings and conclusions be entered consistent with this opinion.
MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and HARRISON concur.