No. 80-23

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF PEGGY
JO SHERRARD BIER,
(also a Respondent)

Petitioner and Appellant,

vs.

LESLIE D. SHERRARD,
(also an Appellant)

Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Robert J. Emmons argued, Great Falls, Montana

For Respondent:

James, Gray and McCafferty, Great Falls, Montana
Robert F. James argued, Great Falls, Montana

---

Submitted: January 15, 1981

Decided: FEB 5 1981

Filed: FEB 5 1981

*Thomas J. Kearney*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Peggy Sherrard Bier appeals from an order of the District Court granting custody of their children to Leslie Sherrard. Leslie Sherrard cross-appeals from an order awarding attorney fees and costs for appeal to appellant.

Peggy and Leslie Sherrard married in 1972, and two children were born of the marriage. On January 4, 1978, the District Court entered a decree of dissolution, awarding temporary custody of the children to Peggy, with a final custody determination to be made after a psychological evaluation of both parents and the oldest child. Thirteen months later, Leslie Sherrard sought permanent custody. A hearing was held in May 1979, and custody was awarded to Leslie. Peggy Sherrard Bier appealed. On motion of appellant, the district judge ordered respondent to pay $2,500 for attorney fees and costs on appeal.

There are three issues before this Court on appeal:

(1) Did the district judge err in awarding custody of the children to the father?

(2) Did the district judge err in awarding to appellant costs and attorney fees for the purpose of bringing this appeal?

(3) Does the appeal of this custody order constitute a frivolous appeal under Rule 32, M.R.App.Civ.P.?

In order to prevail, Peggy Sherrard Bier must show an abuse of discretion by the judge, must demonstrate that there is a clear preponderance of evidence against the findings, and must overcome the presumption that the judgment of the trial court is correct. In re The Marriage of Jensen (1979), ____Mont.____, 597 P.2d 733, 734, 36 St.Rep. 1259, 1261. In reviewing the District reviewing the District Court's custody order, this Court need only look to the record to see if the factors set forth in section 40-4-212, MCA, were considered, and then must determine whether the trial court made appropriate findings with respect to these criteria. Markegard v. Markegard (1980), ____Mont.____, 616

- 2 -

P.2d 323, 325, 37 St.Rep. 1539, 1540.

Custody must be determined in accordance with the best interests of the child, with the court considering all relevant factors, including:

"(1) the wishes of the child's parent or parents as to his custody;

"(2) the wishes of the child as to his custodian;

"(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

"(4) the child's adjustment to his home, school, and community; and

"(5) the mental and physical health of all individuals involved." Section 40-4-212, MCA.

Both parents desired custody of the children, but there were problems inherent in either parent's having custody. The relevant evidence indicates that Peggy was a good wife and mother until the time of her separation from Leslie. A month before the separation, Richard Bier, Peggy's brother-in-law, negligently shot and killed Peggy's sister. Peggy became emotionally upset at that time and shortly thereafter, she and Leslie separated. Leslie moved out of their trailer house but moved back in when Peggy and the children moved in with Richard Bier and his three children. Apparently Leslie at least acquiesced to her living with Bier, even helping her move. After the first move, Peggy moved back and forth constantly, bringing the children with her; the record shows some ten trips between the two homes during an 18-month period.

The testimony indicates that Peggy's moves back in with Leslie resulted from her anger at Bier, or from her distress at caring for five children. Bier and Peggy fought frequently and he beat her up, causing her to go to the county attorney. Bier developed a drinking problem after his homicide conviction. The evidence also indicates that the Bier children and the Sherrard

- 3 -

children did not get along very well.

After the marriage, Peggy remained in the home with Bier and their relationship apparently stabilized. Testimony from witnesses who visited the home after Bier began serving his sentence at Deer Lodge (shortly after the marriage) indicates that the children were well-cared for and that the house was clean. Peggy and the five children were living on welfare.

The testimony of the respondent shows that the children have a good relationship with their father and that he can provide a stable home for the children, despite the fact that he is a deaf mute. The children have spent a great deal of time with their paternal grandparents and apparently have a good relationship with them. Respondent earns a good income, is employed as a mechanic, and has a trailer in which he and the children can reside. The paternal grandparents testified to their willingness to assist respondent in raising the children.

The findings of the District Court indicate that appellant is not an unfit mother. However, the judge did find that the interests of the children would be best served by placing the children with their father. His findings indicate that the children had a better interaction with their father, and that because the respondent appeared to be a more stable person, the environment at his home would be more suitable for the children. He found that despite Peggy's adequate care of the children and their obvious love for her, that the addition of Richard Bier into the environment caused an intolerable unsettling of the situation.

Appellant contends that because the judge found her to be a fit mother, she is the proper custodian for the children. In making such an argument, appellant is asking this Court to ignore the dictates of the legislature in passing section 40-4-212, MCA. That section demands that the District Court determine custody in accordance with the best interests of the

- 4 -

child. Fitness of a parent is only one factor to be considered. See section 40-4-212, MCA.

Appellant also claims error in the failure of the judge to make a finding that the mother is the preferred parent of a minor child. Although this "tender years presumption" has been considered by district judges in the past, the presumption was never considered conclusive; each case was considered on its own facts. See In re Marriage of Tweeten (1977), 172 Mont. 404, 409, 563 P.2d 1141, 1144. Additionally, this Court recently ruled in In re the Marriage of Markegard, supra, _____Mont. at _____, 616 P.2d at 325, 37 St.Rep. at 1541, that the "tender years presumption" should no longer be considered at all in this state in light of the enactment of the Uniform Marriage and Divorce Act. We overruled Tweeten in the Markegard case in so far as Tweeten supported the "tender years presumption." The district judge here was correct in not making a finding as to the preference for the mother.

The older Sherrard child, Jason, aged 5, was asked by the judge about his preference in custody. He responded, "I want to live with my mommie." The 2½ year old child was not interviewed. Appellant contends that this is another example showing that the judge abused his discretion in not awarding custody to Peggy. We disagree.

Montana law does not require the district judge to award custody based on a child's preference. Again, this is merely one factor to be considered. Section 40-4-212, MCA. See also In re Marriage of Kramer (1978), 177 Mont. 61, 580 P.2d 439, 444, 35 St.Rep. 700, 706. The amended findings of fact No. 6 sets out Jason's preference to be with his mother, and later findings express the judge's reasons for disregarding that preference. The district judge clearly followed the dictates of Montana law in considering the wishes of the children. Kramer, supra; see also Tweeten, supra, 172 Mont. at 408, 563 P.2d at 1143.

Appellant also asks this Court to find an abuse of discretion in the judge's failure to order psychological tests for Peggy and Jason and requiring respondent to pay for them. The decree entered in January 1978, left the permanent custody decision pending until Leslie, Jason, and Peggy received evaluations. At the hearing in May 1979, results of Leslie's tests were admitted into evidence, but Peggy and Jason had not had tests done because Peggy said that she could not afford it. The judge made his custody decision without ordering the tests to be done.

Section 40-4-214(2), MCA, provides:

"(2) The court may seek the advice of professional personnel, whether or not employed by the court on a regular basis. The advice given shall be in writing and made available by the court to counsel upon request. Counsel may examine as a witness any professional personnel consulted by the court."

In Schiele v. Sager (1977), 174 Mont. 533, 538-39, 571 P.2d 1142, 1146, we discussed this statute, noting that it dictates an exercise of discretion by the district judge in determining whether findings of professional personnel are necessary to resolving custody disputes. Here, the judge's findings indicate that he did not find it necessary to order the tests in May 1979, and appellant has not demonstrated that such a determination constituted an abuse of discretion. In addition, a review of the transcript indicates an abundance of sufficient credible evidence on which the judge could base his custody decision without relying on professional testimony.

Finally, appellant argues that the judge abused his discretion in considering evidence concerning Peggy's threatened suicide attempts. Finding of fact No. 26 provides:

"Evidence was introduced indicating that Petitioner threatened to commit suicide on two separate occasions."

Appellant argues that there was insufficient evidence to support that finding. The record shows conflicting evidence on this point, from which the judge as the trier of fact is

entitled to draw his own conclusions. <u>Jensen</u>, supra, ____Mont. at ____, 597 P.2d at 735, 36 St.Rep. at 1262.

Based on the foregoing, we find no abuse of discretion by the district judge. The judge in this case made extensive findings, reflecting the relevant criteria in determining the best interests of the children. His order granting custody to Leslie Sherrard is affirmed.

In October, 1979, appellant moved the District Court to award attorney fees and costs to appellant for the purpose of bringing this appeal. At that time Judge McPhillips ordered respondent to pay $2,500 to appellant's attorney for costs and fees, pursuant to section 40-4-110, MCA:

> "<u>Costs -- attorney's fees</u>. The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment . . ."

Respondent cross-appeals from that order, citing In re the Marriage of Bliss, (1980), ____Mont.____, 609 P.2d 1209, 37 St.Rep. 708. In that case we stated that "[section 40-4-110, MCA] contemplates that under normal circumstances, an order for attorney fees will be permitted only after counsel for the bene-fitted party has completed his services. <u>Bliss</u>, supra, ____ Mont. at ____, 609 P.2d at 1212, 37 St.Rep. at 711. We noted in <u>Bliss</u> that an award of attorney fees prior to appeal was normally too speculative. An award of attorney fees, like any other award, must be based on competent evidence. Phennicie v. Phennicie, (1979), ____Mont.____, 604 P.2d 787, 791, 36 St.Rep. 2378, 2383. A showing of reasonableness of attorney fees must be made by means of a hearing allowing for oral testimony, the introduction of exhibits, and an opportunity to cross-examine. Aanenson v. Aanenson, (1979), ____Mont.____, 593 P.2d 446, 450, 36 St.Rep. 1525, 1529. Written findings are required to

establish both the party's necessity for payment from the opposing party and to establish the reasonableness of the fees. Gohner v. Gohner, (1980), ____Mont._____, 609 P.2d 288, 289-290, 37 St.Rep. 613, 615. The hearing in the case now before us lacked the definiteness that our law requires.

At the time of the hearing on the motion for fees and costs, appellant's attorney had not yet rendered services in bringing this appeal. There was nothing before the trial court to indicate what the attorney's specific costs and charges would be, or even how much time would be required to write the briefs. The trial judge ruled on the motion from the bench. He made no written findings as to the reasonableness of the attorney fees and transcript costs sought by appellant. Appellant made no showing (and the judge entered no finding) of circumstances necessitating a prospective award of fees and costs.

Certain criteria must be met before appeal costs and attorney fees in a dissolution case are awarded during the pendency of the appeal. The party seeking to have its costs and fees paid by the opposing party must show the financial necessity for such a payment, and evidence must be presented to prove the reasonableness of the costs and fees. There must also be a showing of circumstances which warrant the assessment of costs and attorney fees on appeal before they are actually incurred or rendered. Finally, the judge must prepare written findings to support his or her ruling on the motion for costs and fees.

Because the proper procedure was not followed in this case, and no showing was made to warrant a prior award of fees and costs, we vacate that award and remand this cause to the District Court. If, on remand, the district judge determines that appellant is entitled to fees and costs pursuant to section 40-4-110, MCA, he can make an award based on the reasonable value of the services which now have been rendered.

Respondent next asks this Court to determine that appellant has

brought a frivolous appeal, pursuant to Rule 32, M.R.App.Civ.P., and to assess damages. We decline to do this. We recently discussed the problem of frivolous appeals in custody cases in Billings v. Billings (1980), ___Mont.___, 616 P.2d 1104, 1106, 37 St.Rep. 1704, 1706, noting there that adversary proceedings are not conducive to the speedy and fair resolution of custody cases. In Billings, supra, we found a frivolous appeal, because it appeared that Leona Billings moved for a change of venue only to delay an ultimate hearing on the merits of the case. Such a situation is not presented here. Appellant does not appear to be motivated by a desire to needlessly tie up the litigation process. Although the facts presented to this Court allowed appellant little hope of reversal of the custody order on appeal, we are mindful that a parent who loses a custody determination will pursue any possible means of regaining his or her children. In an area of the law so emotionally-charged as this, we will find a frivolous appeal in only the most limited circumstances.

The custody order is affirmed and the cause is remanded for a determination of attorney fees and costs, in accordance with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

_____
Mr. Justice Fred J. Weber, sitting
on the panel in place of Mr. Justice
John C. Harrison