No. 82-261

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF

GOLDIE DAWN SPEER,

Petitioner and Respondent,

-vs-

JOHN ELMER SPEER,

Respondent and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
John M. McCarvel, Judge presiding.

Counsel of Record:

For Appellant:

Swanberg, Koby, Swanberg & Matteucci; Daniel L.
Falcon, Great Falls, Montana

For Respondent:

Thomas A. Baiz, Jr., Great Falls, Montana

Submitted on Briefs: September 30, 1982

Decided: December 9, 1982

Filed: DEC 9 - 1982

*Thomas J. Kearney*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

On April 21, 1982, the District Court of Cascade County entered an order awarding joint custody of the minor child of the marriage to the parties and primary physical custody to the mother. The father appeals the award of primary physical custody of the child to the mother.

The parties were married on November 19, 1973, and one child, a son, was born the issue of the marriage. In May 1979, the parties separated and the mother filed a petition for dissolution. The marriage was dissolved early in 1980 and temporary custody was awarded the mother, who remarried almost immediately. The minor son was seven years old at the time of the April 1982 custody hearing, and he had never been separated from his mother for longer than two weeks.

Three issues are presented on appeal:

(1) Whether the District Court abused its discretion in adopting the findings of fact and conclusions of law of the prevailing party virtually verbatim;

(2) Whether it is in the best interest of the child to be in the primary physical custody of the mother; and

(3) Whether the District Court erred in considering the father's financial contribution in awarding custody and in setting support payments.

This Court has discouraged District Courts from the practice of adopting the prevailing party's proposed findings of fact and conclusions of law virtually verbatim. Tomaskie v. Tomaskie (1981), ____ Mont. ____, 625 P.2d 536, 538-539, 38 St.Rep. 416, 419. Such a practice may lead to error. In Re Marriage of Beck (1981), ____ Mont. ____, 631 P.2d 282, 284, 38 St.Rep. 1054, 1058. Once findings and

-2-

conclusions are adopted by the District Court, however, the "clearly erroneous" standard of Rule 52(a) supports them on appeal. In re Marriage of Jensen (1981), ___ Mont. ___, 631 P.2d 700, 703, 38 St.Rep. 1109, 1113.

In order to prevail in the instant case, the father, John, must demonstrate a clear abuse of discretion. In re Marriage of Tweeten (1977), 172 Mont. 404, 406, 563 P.2d 1141, 1143, overruled on other grounds, Markegard v. Markegard (1980), ___ Mont. ___, 616 P.2d 323, 325, 37 St.Rep. 1539, 1541. The trial court's decision will not be disturbed absent a clear preponderance of the evidence against the decision. Tweeten, supra, 172 Mont. at 407, 563 P.2d at 1143. Gilmore v. Gilmore (1975), 166 Mont. 47, 50, 530 P.2d 480, 482. Appellant has failed to demonstrate such a clear abuse of discretion.

The father specifically challenges three findings of fact that support the District Court's conclusion that it is in the best interest of the minor child to remain in the primary physical custody of his mother. Appellant father challenges the District Court's findings that: (1) the mother would be less likely than the father to interfere with visitations and that she would be more likely to allow frequent and continuing contact with the noncustodial parent; (2) that the stepfather was a good provider and had rehabilitated himself in spite of a previous criminal record; and (3) that the father had serious emotional problems which trigger epileptic-type seizures which become more pronounced in times of stress. Substantial evidence supports the District Court's determination.

In awarding custody, the District Court must consider

the guidelines set forth in section 40-4-212, MCA.   This
section states:

> "Best interest of child.  The court shall
> determine custody in accordance with the
> best interest of the child.  The court
> shall consider all relevant factors
> including:
>
> "(1) the wishes of the child's parent or
> parents as to his custody;
>
> "(2) the wishes of the child as to his
> custodian;
>
> "(3) the interaction and interrelation-
> ship of the child with his parent or
> parents, his siblings, and any other
> person who may significantly affect the
> child's best interest;
>
> "(4) the child's adjustment to his home,
> school, and community; and
>
> "(5) the mental and physical health of
> all individuals involved."

In re Marriage of Tweeten, supra, 172 Mont. at 407, 563 P.2d
at 1143.

The Court need not make specific findings on each of
the elements.  Burleigh v. Burleigh (1982), ____ Mont. ____,
650 P.2d 753, 756, 39 St.Rep. 1538, 1541.  The record shows
that the District Court heard sufficient testimony on each
of these factors to support the adopted findings of fact.
Both parents expressed a desire for custody of their son, so
this factor is not of controlling importance in this custody
decision.  Nor does the second factor control.  The minor
child, through his guardian ad litem, communicated that he
was unable to express an opinion either way on which parent
should have custody of him.  The child's primary concern was
that once custody was determined, he wanted as much visita-
tion as possible with the noncustodial parent.

A factor which the District Court must also consider

-4-

in awarding joint custody is which parent is likely to allow the child frequent and continuing contact with the noncustodial parent. Section 40-4-223(1), MCA. The District Court heard conflicting testimony on past problems with child visitation and on each of the parties' willingness to allow frequent and continuing contact with the other parent. This Court may not substitute its judgment for the judgment of the lower court where substantial evidence supports its determination. We must review the evidence here in the light most favorable to the mother. The credibility of witnesses and the weight accorded their testimony is for the District Court's determination. Farmers St. Bank v. Mobile Homes Unlimited (1979), 181 Mont. 342, 349, 593 P.2d 734, 738. Here, even though conflicting testimony was presented, substantial evidence supports the District Court's finding that the mother would more likely allow frequent and continuing contact.

Father next challenges the lower court's determination that the stepfather was a good provider and had rehabilitated himself in spite of a previous criminal record.

With the exception of father's employment for two months as a janitor in Shelby, Montana, neither party worked outside of the home during the course of the marriage. The family's income consisted of father's Social Security benefits and welfare payments. Father was not required to pay temporary child support or to pay the minor child's medical bills during this action's pendency. He did pay $10 per month in child support for each of the six months preceding the custody hearing. At the time of trial, father was estimating a future income of $650 per month consisting

-5-

of his Social Security benefits and earnings from a cleaning business to be operated by father and father's mother.

By contrast, mother married stepfather shortly after the decree of dissolution was entered. From the date of the marriage until two weeks before the trial date, stepfather was employed at Liberty Manufacturing in Chester, Montana. He provided all of minor child's support and also paid all of the child's medical expenses during that period. The District Court's finding that stepfather was a good provider is supported by substantial evidence.

Its finding that stepfather had rehabilitated himself in spite of a previous criminal record is also supported by substantial evidence. Stepfather has a past criminal record consisting of a few misdemeanor theft charges and one felony bad check charge. Since the summer of 1979, however, stepfather has no criminal record.

The District Court considered stepfather's interaction with the minor child, pursuant to section 40-4-212(3), MCA, and found that there is a "close and loving relationship" between stepfather and that, in fact, the child refers to stepfather as "Dad." Minor child also has a close relationship with his sixteen-month-old half-brother. Evidence was introduced showing that the child has friends in Chester, the domicile of mother and stepfather, and that he is doing well in school.

Father finally challenges the District Court's finding that he had serious emotional problems which trigger epileptic-type seizures and that, in times of stress, the seizures become more pronounced. He argues that the epileptic-type seizures do not preclude adequate parenting

of the minor child. He also contends that with the new medication he is now taking, severe seizures are a past health condition.

The record does support father's contention that the seizures would not prevent adequate parenting. Mother, the home attendant for the Pondera County Welfare Department, and a neighbor all testified that the seizures would not prevent father from raising the child. While father cannot drive because of the seizures, father's mother provides necessary transportation for father and picks up the minor child in Chester for his visits to father's home in Valier.

Father testified under cross-examination that he had been admitted to the psychiatric ward of the Great Falls Deaconess Hospital several times by his doctors because they thought his seizures were brought on by emotion. He then testified that he had "doctored" with psychologists at the mental health clinic. On redirect, he explained that this was prior to the use of new medications. No other evidence was presented by father to support his claim that he did not suffer from emotional problems and that the seizures were now under control. Again, this Court will not substitute its judgment for that of the trial court, which had the opportunity to view and observe the demeanor of the witnesses.

Father has failed to demonstrate a clear abuse of discretion by the District Court's order awarding primary physical custody to mother. Corbett v. Corbett (1981), ____ Mont. ____, 635 P.2d 1319, 1322, 38 St.Rep. 1852, 1856. The record shows the desire of both parents to have custody and the desire of the minor child to maintain contact with both

his father and mother. The minor child interacts well with stepfather, his half-brother, and his friends in mother's community, and he has adjusted well to school. Minor child has never been separated from mother for longer than two weeks. Substantial evidence supports the lower court's determination that primary physical custody should remain with the mother.

Father last argues that the District Court erred in considering his past financial contributions in determining custody. Nothing in the District Court's findings, conclusions and order indicates that this was the case. The court did examine the past support and income of father and of stepfather as well as father's projected income. It appears from the record that these findings bear on two determinations. One, that stepfather has been a good provider for the minor child. Two, that father is now capable of paying the child support ordered by the District Court. Father has again failed to show an abuse of discretion.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

-8-