No. 86-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN RE THE MARRIAGE OF
DAVID J. WARD,

Petitioner and Appellant,

and

RUTH ANN WARD,

Respondent and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark Bauer, Great Falls, Montana

For Respondent:

John Iwen, Great Falls, Montana

Submitted on Briefs: June 24, 1986

Decided: October 9, 1986

Filed: OCT 9 - 1986

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

David J. Ward, the father, appeals from a November 8, 1985 order issued by the District Court of the Eighth Judicial District, Cascade County, granting a fixed visitation schedule. We affirm.

The issue raised on appeal is whether the District Court erred in granting the father approximately 75 days of visitation a year under the terms of § 40-4-224(2), MCA (1985).

The mother and father were divorced on March 14, 1980. In September, 1982, the District Court amended the dissolution decree to provide that the only child, a son, be placed in joint custody, giving the mother primary residential custody. Throughout this time, until June, 1985, both parents lived in Great Falls. In June, 1985, however, the mother indicated that she was planning on moving to Butte.

Because the parties were unable to work out a mutually acceptable visitation schedule, appellant father filed a motion for fixed visitation with the District Court. After hearing the matter and reviewing proposed visitation schedules submitted by the parties, the District Court entered its order on visitation, dated November 8, 1985. This order gave the father visitation on every third weekend, alternating holidays, four weeks during the summer and freedom to visit the child whenever the father is in Butte, provided he gives the mother at least 24 hours notice.

The appellant father filed a motion to amend this visitation order, on which the District Court did not act. This appeal resulted.

Father contends on appeal that the District Court failed to follow the language of § 40-4-224(2), MCA, which states:

> For the purposes of this section, "joint custody" means an order awarding custody of the minor child to both parents and providing that the physical custody and residency of the child shall be allotted between the parents in such a way as to assure the child frequent and continuing contact with both parents. The allotment of time between parties shall be as equal as possible; however, each case shall be determined according to its own practicalities with the best interests of the child as the primary consideration.

The District Court order gave the father about 75 days of visitation out of a total of approximately 170 available (non-school) visitation days. Father's proposed plan would have awarded him an average of 119 days visitation a year. He requested alternating weekends and holidays as well as almost the entirety of his son's summer vacation. His plan, the father contends, allots visitation time as equally as possible. Father argues that under the recently adopted language of § 40-4-224(2), MCA, the District Court must automatically provide equal amounts of the child's time with each of his parents. He also contends that if the District Court fails to do this, it should specifically set forth its reasons for deviating from the equal time "mandate."

The District Court has no duty to make the findings which the father is demanding. The statute states: "The allotment of time between parties shall be equal as possible; however, each case shall be determined according to its own praticalities with the best interests of the child as the primary consideration." Section 40-4-224(2), MCA. To impose the father's interpretation of this statute would be an

unreasonable burden that would further hamper the already beleaguered judges of the district courts in custody and visitation cases. Further, it must be noted that the statute requires that the equal time recommendation be balanced by the practicalities of providing for the best interests of the child. The best interests of the child are a "primary consideration."

The standard of review in custody and visitation cases is as follows:

> This Court will not substitute its judgment for that of the trier of fact. We will consider only whether substantial credible evidence supports the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings.

Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 768, 38 St.Rep. 927, 930. Further, the appellant must overcome the presumption that the District Court's order is correct. Jensen v. Jensen (Mont. 1979), 597 P.2d 733, 36 St.Rep. 1259. Finally, a reviewing court is never justified in substituting its discretion for that of the trial court.

> In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice.

Porter v. Porter (1970), 155 Mont. 451, 457, 473 P.2d 538, 541.

The instant case is clearly a matter where the trial court is in the best position to observe the witnesses and acquire a feel for their credibility and character. The trial court is also best able to appreciate their ability to

- 4 -

cooperate within the requirements set by the visitation order and to determine a course of visitation that is in the child's best interest. The District Court order is neither arbitrary nor beyond the bounds of reason. Father charges that the District Court did nothing more than look at the parties' written custody proposals and draw middle ground between them. However, the court's order is in keeping with the court's perception of what is in the best interest of the child and the statutory requirement that "each case shall be determined according to its own practicalities," § 40-4-224(2), MCA. A very real practicality was recognizing that the allotment of time need only be as equal as it is possible to make it. Here, the District Court recognized that it was neither practical, possible, nor in the best interests of the child to follow the father's proposed visitation schedule.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -