No. 86-600

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
MARY KRISTIN SMYKA,

        Petitioner and Respondent,

   and

JAMES FREDERICK DAYTON,

        Respondent and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thomas W. Trigg, Missoula, Montana

    For Respondent:

        Dennis E. Lind, Missoula, Montana

Submitted on Briefs: April 23, 1987

Decided: July 13, 1987

JUL 13 1987
Filed:

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.


James Dayton, respondent-appellant appeals an award of joint custody and visitation schedule granted in a dissolution action by the Fourth Judicial District Court, Missoula County. Affirmed.

The issues on appeal are:

1. Did the trial court err in its application of the standard set forth in § 40-4-212, MCA, in making the custody determination?

2. Was there substantial credible evidence to support the joint custody award and visitation schedule between the parties?

The parties, Mary Kristin Smyka and James Frederick Dayton are the parents of one daughter, Kelsey Graysmith Dayton. Kelsey was born on January 27, 1983.

The mother was the primary wage earner throughout the marriage and provided the bulk of the financial support for the family. She is a tenured teacher employed with the gifted children program for the Missoula primary grades. The father has been intermittently employed. For a period of months after their child was born the father remained in the home as caretaker for the child while the mother returned to work. Both parties participated in child care tasks and responsibilities but it appears that during most of the child's first year the father cared for the child during the day while the mother taught school.

The parents separated in July, 1984, and the marriage was dissolved in October, 1984. There have been several hearings regarding custody and visitation but since the

separation, Kelsey's primary residence has been with her mother subject to visitation with her father.

The mother is now remarried and testimony indicates Kelsey has established a good relationship with her step-father and his children from a previous marriage.

The parents have experienced considerable conflict in arranging and implementing custodial exchanges and there is some indication that Kelsey has had emotional and behavioral problems adjusting to the exchanges.

Trial on the custody and visitation matters was held in May, 1985. The trial court held that joint custody was in the best interests of Kelsey with the primary residence of the child with the mother subject to a specific custodial visitation schedule to the father.

Upon a motion to amend the judgment, the trial court entered an amended judgment dated September 10, 1985 clarifying certain findings and granting expanded visitation time to the father. The trial court confirmed that the primary residence of the minor child was with the mother. The father did not appeal this amended judgment.

Next, based upon the mother's concern for the emotional and psychological effects evidenced by Kelsey, the court, upon motion of the mother, ordered psychiatric evaluations of the parties and the child. In July, 1986, a hearing on the motion was held and in September, 1986, the trial court again found joint custody was appropriate with the primary residence being with the mother. A very specific and detailed visitation schedule was set forth. The schedule coordinates Kelsey's visitation schedule with the visitation schedule of the other step-children in the home of the mother. Numerous changes had been made from the original schedule. This final schedule reduced the father's time with the child by 8 days annually over the prior schedule adopted

by the trial court. The visitation schedule now provides for 140 days with the father and 225 days with the mother. The father appeals this final visitation schedule.

Appellant contends the trial court erred by granting him custody of less than a full half of the child's time while finding that joint custody was appropriate. He argues that because Montana favors an equal allotment of custodial time between parents under § 40-4-224(2), MCA, the court should not have granted him visitation of less than half of the child's time and that this was a misapplication of the best interest of the child standard set forth in § 40-4-212, MCA.

He bases his argument on § 40-4-224(2), MCA, the joint custody statute which evidences a legislative preference for equality of parenting. In 1985, the legislature deleted language that contact with both parents might be "not necessarily equal." It added the emphasized portion as follows:

> . . . the physical custody and residency of the child shall be allotted between the parents in such a way as to assure the child frequent and continuing contact with both parents. <u>The allotment of time between parties shall be as equal as possible; however, each case shall be determined according to its own practicalities with the best interests of the child as the primary consideration</u>.

Section 40-4-224(2), MCA.

The father argues that the trial court erred because equal parenting time was not shown to be contrary to the best interests of the child.

This Court has addressed this issue in several recent cases. The appellant in In re the Marriage of Cole (Mont. 1986), 729 P.2d 1276, 43 St.Rep. 2136 argued that since physical custody time allotment between parents in a joint custody arrangement is mandated to be as equal as possible,

- 4 -

he was entitled to physical custody for at least six months each year. This Court disagreed and said that:

> . . . depending upon the circumstances of the case, equal physical custody will not be awarded if such is not in the best interests of the children.

Cole at 1279.

There, one child had a disability. The respondent was involved in the child's treatment and this Court found it would be in his best interest not to interrupt his physical custody during the school year and not to separate the two siblings.

We have also construed the language of § 40-4-224(2), MCA, in In Re the Marriage of Ward (Mont. 1986), 725 P.2d 1211, 43 St.Rep. 1825. In that case the father asserted that the decision of the trial court to award him approximately 75 days of visitation per year out of a potential 170 available non-school visitation days was an abuse of discretion and contrary to the recently adopted language in § 40-4-224(2), MCA. After we reviewed the circumstances of the case and the applicable statute, we held:

> The District Court has no duty to make the findings which the father is demanding.. . . To impose the father's interpretation of this statute would be an unreasonable burden that would further hamper the already beleaguered judges of the district courts in custody and visitation cases. Further, it must be noted that the statute requires that the equal time recommendation be balanced by the practicalities of providing for the best interests of the child.

Ward at 1212.

We find no error in the trial court's application of the joint custody statute to the visitation practicalities of this case when determining this child's best interests.

The father also contends there is no substantial credible evidence to support the custodial visitation award

which does not allow him the same role in raising the child as respondent enjoys.

On numerous occasions this Court has stated that the standard of review in custody and visitation cases is whether there is substantial credible evidence to support the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them. Ward, supra, at 1213; Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 38 St.Rep. 927.

In the case before us, the trial court heard testimony during numerous hearings over the course of several years including testimony from psychologists, day care workers, parents and relatives. It considered, among other factors, the psychological and emotional concerns of the child, concerns for when the child attends school, and the difficulty of the frequency and duration of the visitation and exchanges.

The trial court found that joint custody was appropriate but that a specific detailed custodial visitation schedule was necessary due to the parents' animosity toward one another. The schedule grants the appellant approximately 140 calendar days of physical custody including Wednesdays through Sundays twice a month, all of February and July, half of October and alternate holidays.

The court below also found it is in the child's best interests to coordinate her schedule with the visitation of the step-children. The current schedule does this.

We do not require a court's findings to be in any particular form so long as there is substantial, credible evidence to support the court's judgment on the merits. In Re the Marriage of Cole (Mont. 1986), 729 P.2d 1276, 43 St.Rep. 2136. Findings will not be overturned unless there is a clear preponderance of evidence against them,

- 6 -

recognizing that evidence may be weak or conflicting yet still support the findings. Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 768, 38 St.Rep. 927, 930.

A review of the record shows there is substantial credible evidence to support the specific custody and visitation award. No error exists on this issue.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices