No. 89-587

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
SALLA MARIE KEIL,
f/k/a SALLA MARIE FERGUSON,

      Petitioner and Appellant,

   -vs-

RICHARD A. FERGUSON,

      Respondent and Respondent.

APPEAL FROM:   District Court of the Fifteenth Judicial District,
                In and for the County of Roosevelt,
                The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert G. Olson; Frisbee, Moore, Stufft & Olson, Cut
          Bank, Montana

      For Respondent:

          Laura Christofferson; Gallagher, Archambeault &
          Knierim, Wolf Point, Montana

**FILED**

NOV 2 0 1990

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 19, 1990

Decided:  November 20, 1990

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Salla Marie Keil appeals from an August 22, 1989, order of the District Court of the Fifteenth Judicial District, County of Roosevelt, denying her motion to modify the joint custody of her three children with her former husband, Richard A. Ferguson. Keil also appeals the order of the District Court modifying the original dissolution decree with respect to child support payments. We affirm.

The parties present the following issues:

1. Did the District Court abuse its discretion by refusing to modify the joint custody arrangement of the dissolution decree?

2. Did the District Court abuse its discretion by ordering the parties to pay child support "for each full month" that the children are in the other parent's custody?

The marriage of Salla Marie Keil and Richard A. Ferguson was dissolved on June 17, 1986. The parties were granted joint custody of their three children, now ages 14, 8, and 6. Ferguson was awarded physical custody of the three children. In January 1988, Ferguson requested that Keil take custody of the children while he attempted to resolve difficulties between him and his second wife, whose children were also living with the couple. The Ferguson children resided in Shelby, Montana, with Keil and her current husband from that time until the end of the school year. The children returned to live with Keil during the 1988-89 school year.

Keil wanted the children to continue to live with her for the 1989-90 school year and filed a petition to modify child support

and the joint custody arrangement to give her primary physical custody. Ferguson cross-petitioned for modification of child support provisions of the dissolution decree. After a hearing held August 2, 1989, the court ordered that the children remain with Ferguson pursuant to joint custody provisions of the dissolution decree. The court modified child support and required Keil to pay $171 per month "for each full month that the children are in the custody of the Respondent," as well as ordering Ferguson to pay $651 per month "for each full month that the children are in the custody of the Petitioner."

From this order, Keil appeals.


I

Modification of primary custody without termination of joint custody.

Keil argues that the District Court erred in applying the criteria of § 40-4-219(1), MCA, which governs termination of joint custody where custody has been granted to one party. She asserts that the court's application of the factors of § 40-4-219(1), MCA, in determining whether modification of custody can be allowed, rather than using the child's "best interest" standard as required by § 40-4-224, MCA, constitutes reversible error.

We have previously addressed the standard for review of custody issues in Bier v. Sherrard (Mont. 1981), 623 P.2d 550, 551, 38 St.Rep. 158, 159:

> In order to prevail, [the appellant] must show
> an abuse of discretion by the judge, must

> demonstrate that there is a clear
> preponderance of evidence against the
> findings, and must overcome the presumption
> that the judgment of the trial court is
> correct.

This Court will not substitute its judgment for that of the trier of fact concerning the "delicate" issue of child custody because the trial court is in the best position to observe witnesses and determine their credibility and character. In re the Marriage of Syljuberget (1988), 234 Mont. 178, 183, 763 P.2d 323, 326. With this standard in mind, we review the findings of the court in this case.

Keil is correct in her statement of which statutory provision applies to a change of primary physical custody without termination of joint custody. In resolving whether modification of custody will be allowed, the court need merely make a "best interest" determination pursuant to § 40-4-224(2), MCA, rather than deciding whether the more stringent requirements of § 40-4-219 are satisfied. In re Marriage of Stephenson (1988), 230 Mont. 439, 445, 750 P.2d 1073, 1077. The section governing joint custody and modification of physical custody arrangements without terminating the decree of joint custody provides:

> "[J]oint custody" means an order awarding
> custody of the minor child to both parents and
> providing that the physical custody and
> residency of the child shall be allotted
> between the parents in such a way as to assure
> the child frequent and continuing contact with
> both parents. The allotment of time between
> the parents must be as equal as possible;
> however:
>
> (a) each case shall be determined
> according to its own practicalities, with the

4

> best interest of the child as the primary consideration; and
>
> (b) when allotting time between the parents, the court shall consider the effect of the time allotment on the stability and continuity of the child's education.

Section 40-4-224(2), MCA (emphasis added). In determining the child's best interest, the court must consider "all relevant factors" pursuant to § 40-4-212, MCA, including:

> (a) the wishes of the child's parent or parents as to his custody;
>
> (b) the wishes of the child as to his custodian;
>
> (c) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> (d) the child's adjustment to his home, school, and community;
>
> (e) the mental and physical health of all individuals involved;
>
> (f) physical abuse or threat of physical abuse by one parent against the other parent or the child; and
>
> (g) chemical dependency, as defined in 53-24-103, or chemical abuse on the part of either parent.

Examination of the court's findings reveals that the court addressed each of the mandatory factors.

Keil claims that the District Court did not take into account a "potentially volatile and dangerous situation" existing in Ferguson's home, referring to the difficulties which prompted Ferguson to ask Keil to take the children in 1988. We have

5

reviewed the record and find no support for this allegation. In fact, the record reflects quite the opposite; Ferguson appears to be a stable, responsible parent, interested in his children and their activities. Both parties testified that the other parent was an able parent. Keil agreed in her testimony that Ferguson was a good father who took good care of his children. The children appear to be well-integrated into the family and into the community of Wolf Point, Montana. On the other hand, Keil has recently moved to Thompson Falls, Montana, and the children would need to make adjustments to new schools and a different community.

One of the goals of the custody provisions of the Uniform Marriage and Divorce Act as enacted in Montana, is to maximize finality to assure continuity and stability for the child. Keil did not overcome the presumption that the judgment of the trial court is correct. We find that the court did not abuse its discretion in refusing to modify primary physical custody of the children.

Moreover, we find mo merit in Keil's claim that the court's consideration of § 40-4-219, MCA, rather than § 40-4-224, MCA, constitutes reversible error. Keil cites no authority for this proposition. More importantly, although the District Court did not specifically refer to § 40-4-224, MCA, in its findings, the court did comply with its provisions by making a determination of the children's best interest pursuant to § 40-4-212, MCA. Erroneous findings of fact that are not necessary to support the judgment of the trial court are not grounds for reversal. Eaton v. Morse

(1984), 212 Mont. 233, 244, 687 P.2d 1004, 1010. As long as the District Court correctly complied with the provisions of § 40-4-224, MCA, its error in considering § 40-4-219, MCA, is harmless.

## II

### Modification of child support.

Keil claims that the District Court erred in modifying child support by providing in its order that child support be paid "for each full month" that the children are in the custody of the other parent. The court's order provides:

> That Petitioner is hereby ordered to pay $57.00 per month per child to the Respondent as and for the support of the minor children of the parties for each full month that the children are in the custody of the Respondent. That Respondent is hereby ordered to pay $217.00 per month per child to the Petitioner as and for the support of the minor children of the parties for each full month that the children are in the custody of the Petitioner. (Emphasis added.)

Keil argues that the "full month" restriction is unworkable and unsupported by the Uniform Child Support Guidelines. She claims that under the order, the children could stay with one parent for 29 days, but not receive child support because that would not constitute a full month. We have examined the Uniform Child Support Guidelines and find that payments are determined "monthly" or "per month."[1] See Uniform Child Support Guidelines (1987), 44

---

[1] Pursuant to § 40-5-209, MCA, the Montana Department of Social and Rehabilitation Services has promulgated new Uniform Child Support Guidelines, effective July 13, 1990, to be published this fall at § 46.30.1501 - .1549, ARM. See 1990 Montana Administrative Register 1337-1366 (Issue No. 13, July 12, 1990).

St.Rep. 828; also see Desk Book published annually by the State Bar of Montana. No guidelines exist regarding pro rating payments when a child lives less than a full month with a parent.

The literal interpretation of the court's order given by Keil is unnecessary. The District Court reviewed the Uniform Child Support Guidelines and used the Guidelines in its calculation of support payments. We find that the District Court intended that normal methods of collection of support according to the Guidelines be used. The District Court did not abuse its discretion.

The District Court's judgment is affirmed.

John Conway Harrison
                                                     Justice

We concur:

J. A. Turnage
Chief Justice

John C. Sheehy

R. C. McDonough

Justices

8