DONALD A. V. ANDERSON, Plaintiff and Respondent, *v.*
ALICE L. ANDERSON, Defendant and Appellant.

No. 10629

Submitted October 14, 1964. Decided March 29, 1965.

400 P.2d 632.

Sandall, Moses & Cavan, Charles F. Moses (argued), James Sinclair (argued), Billings, for appellant.

Arnold A. Berger (argued), Billings, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the thirteenth judicial district, Yellowstone County, granting a divorce to the appellant on her cross-complaint and awarding her custody of two children. The custody provisions of that decree constitute the basis of this appeal.

The record indicates that the appellant and respondent were intermarried in September, 1941, and from that marriage there came four children. At the time of trial in July, 1961, the ages of these children were 17, 14, 8 and 6 years.

In his complaint, the plaintiff, respondent here, alleged that his wife, the defendant and appellant, had been guilty of mental cruelty. A review of the record indicates to us, as it must have to the court below at the time of trial, that the conduct of the appellant which the respondent alleges was mental cruelty was not the cause, but rather the effect, of a marital relationship which was in imperiled straits and which had been deteriorating steadily for a period of several years. Appellant, on her part, conceded that her behavior as detailed in her husband's testimony had bordered on the abnormal. She maintained, however, that at the time of such incidents she was undergoing severe mental distress as a result of the deteriorating marital relationship, and that such conduct was engaged in merely to dramatize the situation and to bring it more forcibly to the attention of her husband. The appellant also testified that her mental condition and the attendant emotional outbursts were brought about by the fact that her husband periodically drank and gambled to excess; that he kept irregular and late hours; that his relationship to her was devoid of any love and affection; and, that he was completely indifferent to her condition, to the children and to the situation existing in their home generally.

The court below, sitting without a jury, found that the evidence supported the allegations of the appellant's cross-complaint in that the respondent's course of conduct toward her had constituted extreme cruelty. The court also found that

both parents were fit and proper persons to have custody of the two younger children. But because these children had been in the custody of the respondent under a previous separation agreement, and had been cared for by their paternal grandparents, it was in the best interests of these children that they should remain in that home. Without detailing the record, upon review, we find that the court might well have been concerned for the safety and welfare of the children.

Accordingly, the court concluded that the appellant should be awarded a divorce absolute, custody of the two older children, money for their support, and a reasonable right of visitation of the two younger children, whose custody was granted the respondent.

Subsequent to this decree, but before this present appeal was heard, the respondent, pursuant to directives from his employer removed to California, taking with him the two children whose custody he had been awarded. Thereafter, the appellant petitioned this court for an order directing the respondent to return the children from California on the ground that the removal of the children to California was an interference with her right of visitation accorded under the decree. We denied the requested order and, accordingly, the proceeding was dismissed. The appellant then instituted a proceeding in the district court in which she prayed for a modification of the divorce decree and an order directing the respondent to show cause why previous orders of that court had not been complied with. The order to show cause was issued; the respondent made timely appearance thereon; and hearings were had which dealt primarily with the question of the appellant's right of visitation as affected by the removal of the children to California.

Notwithstanding the fact that these supplemental proceedings were not part of the record on the present appeal, this court, in order to more fully be apprised of the facts and circumstances of the case in its entirety, granted the appellant's

motion for diminution and the record of this proceeding is now before it. A perusal of the record indicates, as we noted before, that the question before the district court was the right of visitation and the modification of the terms of the original decree in light of the removal of the children to California. Inasmuch as this modification deals only with the visitation rights accorded to the appellant, and not with the custody provisions of that original decree, the sole question presented on this appeal is whether the district court abused its discretion in awarding the custody of the two minor children to the father, Donald Anderson.

We think that it did not.

Both the mother and the father are entitled to the custody of the children as a matter of right. (R.C.M.1947, § 61-105.) When awarding the custody of a minor child the court is to be guided "1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare," and "2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; *but, other things being equal,* if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father." (R.C.M.1947, § 91-4515.) Emphasis supplied. This primary concern for the best interests of the child in custody and adoption proceedings has been repeatedly expressed by this court. (In re Thompson, 77 Mont. 466, 251 P.2d 163; Haynes v. Fillner, 106 Mont. 59, 75 P.2d 802; McDonald v. McDonald, 124 Mont. 26, 218 P.2d 929, 15 A.L.R.2d 1260; Campbell v. Campbell, 126 Mont. 118, 245 P.2d 847; Barham v. Barham, 127 Mont. 216, 259 P.2d 805.)

What is, or is not, in the best interests of the child depends upon the facts and circumstances of each case. (Trudgen v. Trudgen, 134 Mont. 174, 329 P.2d 225; Haynes v. Fillner, supra; Riley v. Byrne, 145 Mont. 138, 399 P.2d 980.) Furthermore, the question of what is in the best interests of the child

under these facts and circumstances is a question to be resolved by the district court. In the McDonald case, supra, 124 Mont. at p. 30, 218 P.2d 931 the court stated:

"This court is committed to the view that the welfare of the child is the paramount consideration in awarding its custody and that this must of necessity be left largely in the discretion of the trial judge with whose discretion we will not interfere except on a showing of manifest abuse of that discretion. [Citing cases.]"

The record now before us indicates that the two children have a good home with their father and paternal grandparents. Both children are well-cared-for and happy. Their educational and religious training is being more than adequately fulfilled. Moreover, as we noted before, the children have been living in this home since 1959. On the basis of this record we are unwilling to say that the court below abused its discretion in awarding the custody of these children to their father.

Accordingly, the judgment of the lower court must be affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES concur.