No. 13366

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

JUDY BROOKS,

Plaintiff and Appellant,

-vs-

C. ROBIN BROOKS,

Defendant and Respondent.

---

Appeal from: District Court of the Third Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Edward Yelsa argued, Anaconda, Montana

For Respondent:

Radonich, Brolin and Reardon, Anaconda, Montana
William Brolin argued, Anaconda, Montana

---

Submitted: October 26, 1976

Decided: NOV 2 4 1976

Filed: NOV 2 4 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is from an order of the district court, ~~Powell~~ Deer Lodge County, modifying the original decree of divorce by transferring the care, custody and control of two minor children to the father C. Robin Brooks, subject to reasonable visitation rights on the part of the mother, Judy Brooks.

Judy Brooks and C. Robin Brooks were divorced in September 1973. That decree awarded Judy the custody of the two minor children and support for those children. Shortly after the divorce Judy left the state with her children accompanied by a married man who had left his wife. They went to California where they shared an apartment. After some nine months in California, they returned to Montana and Judy moved in with her parents.

At the time she returned to Montana, Judy was pregnant with a child of her companion and gave birth to this child in October 1974. The visitation rights provided for by the decree to the father in the original decree of divorce ceased during the California stay, but the father continued to provide support for the children while they were in California and for a period after they returned to Montana.

By court stipulation the father took the children into his home until after July's child was born in October. After returning the children to Judy he had visitation troubles, though he made efforts to have his children.

July moved from her parents home in February 1975 to a small home with a sister of the man she had been living with and that relationship continued though the man was still married to someone else.

Some months later they moved from Anaconda and set up housekeeping in an apartment in Garrison, Montana. Although Robin Brooks tried to see and have his children on regular visitation privileges thereafter, he was unable to do so and he cut off support payments alleging that it was not being used for his minor children. He petitioned for modification of the decree and a change of custody and on the day it was heard paid all delinquent payments. Following a full hearing of the cause the presiding judge ordered a change of custody. The mother appeals.

Two issues are before this Court on appeal:

1) Was there sufficient evidence before the trial court to support its conclusions that it would be in the best interests of the minor children to transfer custody to the father?

2) Did the court abuse its discretion in transferring custody?

We will discuss the issues as one. We find there was sufficient evidence to transfer custody to the father and in doing so there was no abuse of judicial discretion.

This Court has long followed the rule that unless there is a clear abuse of discretion by the trial court, a decision on custody will not be overruled on appeal. Love v. Love, 166 Mont. 303, 533 P.2d 280; Gilmore v. Gilmore, 166 Mont. 47, 530 P.2d 480; Anderson v. Anderson, 145 Mont. 244, 400 P.2d 632. In these cited cases this Court has committed itself to the view that the welfare of the child is the paramount consideration in awarding custody and that it must of necessity, be left largely to the discretion of the trial judge. He hears the testimony, sees the witnesses' demeanor and has a superior advantage in determining those difficult problems.

Here, the district court's finding for the father, the behavior of the natural mother and its ultimate effect on the children as they grow, warrant the decision. The father can provide a home and the stability needed for the necessary healthy emotional growth of the children, plus the instability of the mother in her relationship with other men are sufficient factors to support the trial judge's decision.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice.

_____

_____
Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting for Justice
Wesley Castles.