No. 13925

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

BEULAH MAY WEBER,

     Plaintiff and Respondent,

 -vs-

JACK L. WEBER,

     Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
      Honorable Robert Boyd, Judge presiding.

Counsel of Record:

 For Appellant:

   Bennett and Bennett, Bozeman, Montana
   Lyman H. Bennett, III argued, Bozeman, Montana

 For Respondent:

   Maurice Maffei argued, Butte, Montana

---

       Submitted: January 31, 1978

       Decided:MAR 1 7 1978

Filed:MAR 1 7 1978

_Thomas J. Kearney_
       Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

This is an appeal from a judgment and order of the District Court, Deer Lodge County, entered June 8, 1977, finding defendant Jack Weber delinquent in payment of child support and determining he was not entitled to modification of the decree of custody entered on November 15, 1972, with respect to the two minor children of the parties to this action.

The period of time relevant to this appeal commenced in the late spring and early summer of 1976, when plaintiff mother contacted defendant father for the purpose of requesting him to care for the minor children for the summer months of 1976. Following the conversation defendant traveled to the home of plaintiff, acquired the children and returned to his home in Belgrade for the purpose of caring for the children during the summer months.

In the fall 1976, defendant returned the children to plaintiff. A discussion between the parties took place as to whether defendant could maintain the temporary custody of the children for the purpose of allowing the children to attend school in Belgrade. Following this discussion, plaintiff agreed to allow defendant to maintain the custody of the minor son, John, to allow him to attend school in Belgrade. Defendant thereafter returned to his home and enrolled his son in the Belgrade school system.

Subsequently defendant was advised by his sister-in-law, Dorothy Weber, that plaintiff was bringing the minor daughter Brenda to Gallatin Gateway for the purpose of residing with defendant's sister-in-law and brother. Thereupon defendant

went to the home of his sister-in-law and brother and took his daughter with him to Belgrade and enrolled her in the Belgrade school system, without the permission of his ex-wife.

On September 26, 1976, plaintiff returned to Gallatin Gateway to visit with her minor daughter at which time she was advised the child was residing with defendant. She then went to defendant's home in Belgrade to get her daughter.

Following an altercation which occurred on September 26 at the residence of defendant, a motion for temporary restraining order, supported by affidavit, was filed by plaintiff and was followed by a temporary order and order to show cause issued by the District Court. After the issuance of the order to show cause defendant surrendered the children to plaintiff.

These issues are presented for review:

1) Whether the District Court erred in failing to modify the custody degree entered in November 1972, with respect to the two minor children of the parties?

2) Whether the District Court erred in determining delinquencies in child support without allowing credit to defendant for house repairs, groceries purchased, and clothing purchased for the children?

It is the position of defendant that the court erred in failing to modify the custody with respect to both children. The basis for the modification is different for each child. Section 48-339, R.C.M. 1947, provides in part:

> "(2) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interest of the child.

- 3 -

In applying these standards the court shall retain
the custodian appointed pursuant to the prior de-
cree unless:

"* * *

"(b) The child has been integrated into the
family of the petitioner with consent of the
custodian * * *."

Defendant argues that in the case of his minor son, John,

integration took place with the consent of plaintiff. The

record is not clear as to the arrangement concerning how long

the son was to stay with the father, but the father did enter

the son in the Belgrade school system for the year 1976-1977.

It is apparent from the record that when defendant was allowed to

take the minor son for the school year 1976-1977, that John was

not integrated into defendant father's family because a temporary

restraining order was filed on October 1, 1976 and the custody

of the son returned to the plaintiff. The son was only in the

custody of the defendant from early summer 1976 to October 1, 1976.

There is no evidence from which the court could determine,

as required by section 48-339(2), R.C.M. 1947, that a change

has occurred in the circumstances of the child John, or his

custodian, which requires a modification to serve his best

interests.

This Court has long relied upon the discretion of the

District Court in custody matters. In Brooks v. Brooks, _____

Mont._____, 556 P.2d 901, 33 St. Rep. 1114, 1116, the Court

stated:

"This Court has long followed the rule that
unless there is a clear abuse of discretion by
the trial court, a decision on custody will not
be overruled on appeal. Love v. Love, 1o6 Mont. 303,
533 P.2d 280; Gilmore v. Gilmore, 166 Mont.47, 530
P.2d 480; Anderson v. Anderson, 145 Mont. 244, 400
P.2d 632. In these cases this Court has committed

- 4 -

itself to the view that the welfare of the child is the paramount consideration in awarding custody and that it must of necessity, be left largely to the discretion of the trial judge. He hears the testimony, sees the witnesses' demeanor and has a superior advantage in determining those difficult problems."

We can find no abuse of discretion on the part of the District Court regarding the custody of John, the minor son.

In regard to the minor daughter Brenda, defendant asks this Court to look to section 48-339(2)(c), R.C.M. 1947, which states that in applying its standards the court shall retain the custodian appointed pursuant to the prior decree unless:

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

It is the position of defendant that the record preponderates in favor of modification of custody based upon section 48-339(2)(c).

From the record it is clear Brenda was placed in the custody of defendant for the summer 1976. After plaintiff returned from receiving medical treatment in California, she took Brenda with her to her home in Anaconda. Thereafter, she, as the custodian of the child, placed her temporarily in the home of her former brother-in-law, Sam Weber. Defendant without the consent of plaintiff took Brenda to his own home and would not return her custody to plaintiff, until the court order required him to do so.

We find no change in the circumstances of plaintiff mother which would justify a modification of the decree as it pertains to the custody of the minor daughter Brenda. The welfare and best interests of the child are the primary concern of the court and even though there have been substantial changes in

- 5 -

the mother's health, this Court will not modify the order unless the welfare of the child will be promoted. Plaintiff testified she has no present health problems which would interfere with her duties in caring for the children. Defendant has failed to produce any evidence upon which a modification of custody could be based.

The District Court as trier of the facts, had the opportunity to observe the parties, had the benefit of the reports of the welfare departments and found insufficient evidence for modification of the decree as it pertains to the custody of the two minor children. This Court will not disturb that ruling.

Also, it is defendant's position that the District Court failed to recognize other contributions made by him toward the support of his children in determining that defendant was delinquent in payment of child support. Haaby v. Haaby, (1974), 165 Mont. 475, 478, 529 P.2d 1387.

Here, defendant father has contributed to the support of his minor children in ways other than the payment of child support. It is uncontradicted that he (1) bought groceries for the children; (2) bought clothes for the children; (3) repaired the motor in the furnace at the mother's home; and (4) skirted the trailer home of the mother.

All of these contributions enhance the welfare of the children, but are things customarily performed by a father in addition to support payments. Further, the problem of giving the defendant father credit for doing these things is that nowhere in the record does defendant offer testimony as to the amount he spent for groceries, clothing and repairs. The District Court had no way of knowing whether he contributed, in kind, an amount equal to the delinquency in the support payments. Therefore, the

District Court was not in error in holding that defendant was delinquent in his child support payments.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justices.

- 7 -