No. 83-464

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

IN RE THE MARRIAGE OF
PATRICIA ANN PICKERING, f/k/a
PATRICIA ANN SCHELL,

                    Petitioner and Appellant,

     and

JIMMIE ROGER SCHELL,

                    Respondent and Respondent.

_____

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Larry G. Grubbs, Billings, Montana

     For Respondent:

          Ralph Herriott, Billings, Montana

_____

                    Submitted on Briefs:  January 25, 1984

                              Decided:  April 5, 1984

Filed: APR 5  1984

_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant brings this appeal from an order dated August 5, 1983, made by the Thirteenth Judicial District Court, Yellowstone County, dismissing a petition for modification of decree and ordering the parties to bear their own costs.

The parties dissolved their marriage by decree on August 16, 1979, in the state of Wyoming. That decree granted custody of the parties' two children to respondent. On August 7, 1981, the Thirteenth Judicial District court entered an order modifying said decree pursuant to a stipulation by the parties. That modification granted custody to appellant, provided no child support payments and set forth visitation rights of respondent.

Appellant moved to Denver, Colorado with her new husband. Apparently problems arose between the parties regarding visitation and comments made to the children regarding the lack of virtues of the other party. In any event, a bitter dispute arose over the visitation rights of respondent.

On April 25, 1983, appellant filed a petition for modification of decree. In late June, 1983, respondent attempted to enforce his visitation rights for the fourth of July holiday. The court held a hearing on June 29, 1983, regarding the enforcement of the visitation rights of respondent. Following the hearing the court ordered the enforcement of respondent's visitation rights and in essence ordered the parties to be reasonable and civil in the matter. The court also set a hearing date for the petition

to modify the decree.

The respondent countered appellant's petition by requesting custody of the children and requested an attorney and psychiatric evaluation for the children. Following a stipulation continuance for the hearing the court entered an opinion and order dated August 5, 1983. Said order dismissed all pending action before the court and provided that the parties bear their own costs. Appellant brings this appeal from that order.

Appellant contends the court abused its discretion by dismissing the petition for modification of decree. Also that the court erred in ordering that the parties bear their own costs without making a specific finding to that effect.

We stated in Overton v. Overton (Mont. 1983), 674 P.2d 1089, 40 St.Rep. 2047 a long standing standard of review:

> "'We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial credible evidence supports the findings and conclusions. These findings will not be overturned by this Court unless there is a clear preponderance of the evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings. Nicolai v. Nicolai (Mont. 1981), 631 P.2d 300, 303, 38 St.Rep. 1100, 1103. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939.'"

In the instant case the court set forth in its opinion and order the facts and circumstances that led up to the dismissal of the action. While the order is limited as to the reasoning of the court, we find the court did not abuse its discretion by denying appellant's petition.

Appellant argues that the court erred by not

explaining why it denied attorney fees. Appellant cites Kronovich v. Kronovich (1978), 179 Mont. 335, 588 P.2d 510. In both of these cases, this Court stated that the district court erred by not making a finding and conclusion to support its judgment denying attorney fees. In both of these cases, the court made either a modification or a judgment in a dissolution proceeding. In the instant case the court merely dismissed the petition and motions made by both appellant and respondent. Because all matters were dismissed it appears self evident that the parties should bear their own costs. We do express some displeasure in the trial court's insufficient findings in this area but fail to find this as reversible error.

Appellant objects to the court's failure to provide her a hearing to present her evidence in favor of her petition. The record shows a hearing on a related matter approximately one month prior to the district court's action. That hearing focused on the enforcement of the visitation provision of the parties' modified decree. Only the respondent appeared at that hearing. The court then entered a judgment enforcing the visitation rights and ordering in essence that the parties "(1) refrain from making derogatory remarks about each other to the children; (2) that arrangements relative to the transfer of physical custody of the children be accomplished by the parties and not the children; and (3) cease forcing the children to make decisions relative to their physical custody." Such order addressed the concern of appellant and rendered a modification of the visitation.

We hereby affirm the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-