No. 84-49

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

TERRI B. HANS HARDY,

Co-Petitioner and Appellant,

and

MICHAEL A. HANS,

Co-Petitioner and Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John R. Christensen, Stanford, Montana

For Respondent:

John Paulson, Lewistown, Montana

Submitted on Briefs: June 7, 1984

Decided: August 15, 1984

Filed: AUG 15 1984

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Terri B. Hans Hardy appeals from judgments of the District Court denying her petition for modification of custody of her son and denying her motion for a new trial. We affirm the decisions of the District Court.

On May 2, 1979, the marriage of appellant, Terri Hans Hardy and respondent, Michael Hans, was dissolved pursuant to a joint petition which incorporated a child custody, support, visitation and property settlement agreement entered into by the parties. The agreement gave Terri custody of the couple's two daughters, Janice and Kim. Michael received custody of their son, Kris.

Terri married Aaron Hardy in August of 1979 and resides in Lewistown, Montana. At the time of his divorce from Terri, Michael was studying to become a school psychologist. His internship required that he and Kris reside in Deer Lodge and Great Falls, Montana before moving to Casper, Wyoming, where Michael is still employed and living with his wife, Laura.

In an apparent effort to develop a close relationship with their non-custodial parent, Kim spent the 1981-82 school year with her father while Kris spent the summer of 1981 and that same school year with his mother. After a summer visit to Casper, Kris returned to Lewistown for the 1982-83 school year. In June of 1983, Terri requested Michael to allow Kris to remain in Lewistown for the next school year. Michael refused and Terri filed a petition requesting that the custody decree be modified to give her custody of Kris.

A hearing on the petition was held September 12, 1983. Kris was interviewed by the judge in chambers. Terri, Janice, Michael and Laura testified. A memorandum order was

issued September 19, 1983, denying Terri's petition. A motion to amend or in the alternative for a new trial was then filed by Terri on September 28, 1983. The motion for new trial was denied, but the memorandum order was amended to include a paragraph noting Kris' preference for remaining in Lewistown.

Terri raises two issues in this appeal:

1. Did the District Court misapply section 40-4-219, MCA (1983), when it found that a change to custody by the mother was not in the child's best interest, even though it found the child to be integrated into the mother's home?

2. Does the evidence support the finding that a change in custody was not in the child's best interest, in accordance with section 40-4-212, MCA (1983)?

All parties agree with the District Court judge's determination that Kris was integrated into Terri's family with Michael's consent.

Appellant asserts that the finding of integration mandates modification of custody. Such is not the case. Although it has since been amended, at the time of the hearing, section 40-4-219, MCA (1983), stated in part:

"1. The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior decree unless:

"(a) the custodian agrees to the modification;

"(b) the child has been integrated into the family of the petitioner with consent of the custodian; or

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

3

We held subsections (1)(a) through (1)(c) to be jurisdictional prerequisites to modification in In re Custody of Dallenger (1977), 173 Mont. 530, 568 P.2d 169. Therefore, rather than a finding of integration requiring modification, modification required that either integration into petitioner's family with consent or one of the situations described in subsections (1)(a) or (1)(c) exist.

Once jurisdiction to modify was established, the District Court had to determine whether a change had occurred in Kris' circumstances and whether that change resulted in Kris' best interests being served by a modification in custody. Section 40-4-212, MCA provides the criteria to be used in determining the best interests of a child in a modification proceeding. R.L.S. and T.L.S. v. Barkhoff (Mont. 1983), 674 P.2d 1082, 1087, 40 St.Rep. 1982, 1986.

Section 40-4-212, MCA states:

"The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

"(1) the wishes of the child's parent or parents as to his custody;

"(2) the wishes of the child as to his custodian;

"(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

"(4) the child's adjustment to his home, school, and community; and

"(5) the mental and physical health of all individuals involved."

The District Court need not make specific findings on each of the elements. Speer v. Speer (Mont. 1982), 654 P.2d 1001, 1003, 39 St. Rep. 2204, 2206. However, the "essential and determining facts upon which the District Court rested its conclusion" must be expressed. Cameron v. Cameron (1982), 197 Mont. 226, 231, 641 P.2d 1057, 1060.

4

The amended memorandum order states in part:

"The child, KRISTOFOR HANS, was interviewed by the Court . . .. Kris expressed himself freely and apparently without any fear of either parent. He indicated that he would prefer to remain with his mother in Lewistown, Montana, but that preference was not a firm or adamant preference. He has friends in Lewistown, as must be expected. He is quite active in sports. He did, however, indicate he is, or soon will be, equally active in Wyoming with his father. The boy's life is a normal one in the homes of both his parents; the father's provides considerably more structure and challenge to a very talented and capable young man.

". . . It is this Court's opinion that the father's home will provide more stability and structure for the boy and will thereby enhance his self-discipline. Thus will Kris' scholarship and general upbringing be enhanced and that these matters will be accomplished more readily in the father's than in the mother's home."

These statements address Kris' desires, Kris' interaction with his family and friends in both Lewistown and Wyoming, Kris' adjustment to each community and the effects of each setting on Kris' school work and athletic participation. The desires of Kris' parents are obvious.

Finally, the court's statements are supported by substantial credible evidence. Schell v. Schell (Mont. 1984), 678 P.2d 1146, 1147, 41 St.Rep. 617, 618. Kris stated that although he preferred to remain in Lewistown, he had friends and participated in sports in Wyoming. School records indicate that his work performance is better in Wyoming. Kris' sister Janice testified that although she preferred her brother remain in Lewistown, their relationship would continue to be close if he lived with their father in Wyoming. As there is substantial credible evidence to support the court's findings and conclusions, the order denying Terri's petition is affirmed.

Justice

5

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6