No. 84-11

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

IN RE THE MARRIAGE OF

DEANNE PARADIS,

            Appellant,

and

JOHN E. PARADIS,

            Respondent.

_____

Appeal from:   District Court of the First Judicial District
               In and for the County of Lewis and Clark
               Honorable Henry Loble, Judge presiding.

Counsel of Record:

    For Appellant:

                John P. Poston,
                Harrison, Loendorf & Poston, Helena, Montana

    For Respondent:

                Ann L. Smoyer,
                Petaja & Smoyer, Helena, Montana

For Matthew J. Paradis:

                John L. Hollow, Helena, Montana

_____

                        Submitted:  May 24, 1984

                         Decided:  November 1, 1984

Filed:

_____
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the mother of a seven-year-old boy from an order modifying a joint custody decree. We reverse and reinstate the original order.

Deanne and John Paradis were married in 1973. Their only child, Matthew, was born in 1977. They divorced in 1980. The couple's settlement agreement and the District Court's decree provided for joint legal and physical custody: while young, Matthew was to spend six months of the year with each parent; upon entering school, Matthew was to spend the school year with Deanne and the summer with John.

Both John and Deanne have remarried. Several months after Deanne and her new husband moved to Hawaii and shortly after his own remarriage, John petitioned the District Court of Lewis and Clark County for a modification of custody. Finding that Matthew was "integrated" into John's household and that a move to Hawaii would not be in his best interests, the trial court modified the decree and awarded John custody during the school year and Deanne custody during the summer. Deanne appeals. She is supported, on appeal, by Matthew's court-appointed counsel.

Appellant and counsel challenge the trial court's application of the section 40-4-219(1)(b), MCA, integration standard to a joint custody decree that has successfully allowed Matthew to be integrated into both parents' families. This issue controls our decision on appeal.

Section 40-4-219, MCA, provides:

> "Modification. (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a

2

change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

"(a) the custodian agrees to the modification;

"(b) the child has been integrated into the family of the petitioner with consent of the custodian;

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him; or

"(d) the child is 14 years of age or older and desires the modification."

The section, like most of our child custody statutes, is taken from the Uniform Marriage and Divorce Act. Although the Act does not specifically preclude joint custody, its provisions address only the traditional solution of sole custody in one parent with the other having a right to visitation. See, sections 40-4-211 through -221, MCA (consistently referring to the custodian or custodial parent and the noncustodial parent).

Montana's three joint custody provisions present a separate and distinct approach to custody. Their express purpose is to assure a minor child frequent and continuing contact with both parents and to encourage both parents to share the rights and responsibilities of child rearing. Section 40-4-222, MCA. The joint custody statute governing modification, section 40-4-224(3), MCA, provides that: "Any order for joint custody may be modified pursuant to 40-4-219 to terminate the joint custody." (Emphasis supplied.) Section 40-4-219 and, thus, the subsection (1)(b) integration standard may be applied only where one joint custodian seeks

3

to terminate the other's right to legal as well as physical custody. It has no application to a dispute over the times or terms of physical custody.

The integration standard of subsection (1)(b) of section 40-4-219 is intended to provide a child with continuity and stability where a sole custodian under the Uniform Act has freely relinquished his or her right to physical custody so frequently or for so prolonged a period that the child has become settled and established in the home of the noncustodial parent. In re Marriage of Bolton (Mont. 1984), _____ P.2d _____, 41 St.Rep. 1698. In contrast, a joint custody decree requires that "the residency of the child shall be shared by the parents." Section 40-4-224(2), MCA. The legislature has clearly expressed its intention that a joint custody decree result in the child being integrated into two homes. It has, just as clearly, expressed its intention that this dual integration not be used as grounds for modification of the terms of a joint custody decree. Section 40-4-224(3), MCA.

In addition to challenging the trial court's application of section 40-4-219, MCA, to a modification of joint custody, appellant questions the sufficiency of the evidence to support the court's finding that the move to Hawaii would not be in Matthew's best interests. The court found both parents and both stepparents to be very fine people eminently qualified to be entrusted with Matthew's care. It found that the move would seriously endanger Matthew's mental and emotional health but that not being allowed to live with his mother in Hawaii would also seriously endanger Matthew's mental and emotional health. The court apparently based its decision to modify custody on the fact that the move would require a change of schools. "A parent entitled to custody

4

of a child has a right to change his residence, subject to the power of the court to restrain a removal which would prejudice the rights or welfare of the child." Section 40-6-231, MCA. Deanne was entitled to custody for the school year. There are no facts to support a finding of prejudice. We have already disapproved the use of the concept of parens patriae to favor the institutions of our own state over those of another. In re the Marriage of Markegard (Mont. 1980), 616 P.2d 323, 37 St.Rep. 1539. Deanne was presumptively entitled to move with Matthew and to settle in a new home. Auge v. Auge (Minn. 1983), 334 N.W.2d 393; see also, Shapiro v. Thompson (1969), 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; In re the Marriage of Winn (Mont. 1980), 618 P.2d 870, 37 St.Rep. 1734.

The order of the trial court is vacated and the original order reinstated.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5