No. 85-376

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
NICK E. GAHM,

        Petitioner and Appellant,

    and

MARLA J. HENSON,

        Respondent/Respondent

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jackson and Rice; Gregory Jackson,
        Helena, Montana,

    For Respondent:

        Smith Law Firm, P.C.; Robert J. Sewell, JR.,
        Helena, Montana,
        John L. Hollow, Helena, Montana, for Minor Children.

---

Submitted on Briefs: April 30, 1986

Decided: July 18, 1986

Filed:    **JUL 18 1986**

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Nick E. Gahm, petitioner below, appeals the decision of the Lewis and Clark County District Court denying his petition for modification of custody. The issues on appeal are whether the standard to be applied on a petition to terminate the custodial rights of a parent under a joint custody decree is the best interest of the child or serious endangerment of the child and whether the decision of the District Court is supported by substantial credible evidence. We affirm.

The appellant and Marla J. Henson, respondent, were married in Wichita, Kansas, in 1971. They had two daughters, the first born in 1976 and the second born in 1978. After moving to Montana, they were divorced in 1980. The parties were awarded joint custody of the children. The appellant returned to Wichita, Kansas shortly after the divorce and the children remained in Montana with respondent. In the summer of 1981, the children spent two months in Wichita. The parties made similar arrangements for the summer of 1982. Just before that visitation period ended, appellant filed for custody of the children in Kansas, enrolled them in school, and advised respondent she did not need to pick up the children. Respondent went to Kansas and appeared in court objecting to its jurisdiction. Appellant then withdrew his petition but refused to voluntarily return the children to respondent. In October 1982 the respondent picked up the children from school in Kansas and returned with them to her new home in Ephrata, Washington. She refused to let appellant communicate with the children for about eight months following this episode. The respondent moved to Wolf

2

Creek, Montana, during this time and began using the surname "Gershon" to prevent appellant from finding her and the children.

In June 1983 appellant filed a petition for modification of custody. In his petition he asked that permanent custody be awarded to him with respondent to have limited visitation rights. According to the pretrial order, his allegations to support a change of custody were (1) failure to provide needed medical care to the children, (2) physical neglect and abuse of the children by respondent and her fiancé, (3) frequent refusal to allow appellant contact with the children, and (4) inadequate religious training.

On March 7, 1985, after the submission of briefs and argument, the District Court determined that appellant was seeking termination of respondent's custodial rights. The order stated that appellant must establish serious endangerment to the children before the District Court would have jurisdiction to modify custody.

The District Court held trial on the question of whether serious endangerment to the children existed in May 1985. The resulting decision, issued on June 19, 1985, denied appellant's petition for modification because he did not establish that the children's present environment seriously endangered their physical, mental, moral or emotional health.

This Court addresses two issues on appeal:

(1) Whether the standard to be applied by the District Court on a petition to terminate the custodial rights of a parent under a joint custody decree is the:

a) best interest of the child test; or

3

b) serious endangerment of the child test.

(2) Whether substantial evidence supports the District Court's findings of fact, conclusions of law, and judgment.

In holding that the serious endangerment standard applied in this case, the District Court found appellant's request for permanent custody with limited visitation rights for respondent to be a request to terminate joint custody and make him sole custodian. Appellant argues that he is only seeking a modification of physical custody and that In re Marriage of Paradis (Mont. 1984), 689 P.2d 1263, 41 St.Rep. 2041, controls. In Paradis, this Court examined the application of § 40-4-219(1)(b), MCA, where modification of a joint custody decree had been requested. The father asked that he have physical custody during the school year rather than the mother because she moved to Hawaii and the child was integrated into his home. We held that the integration standard set out in § 40-4-219(1)(b), MCA, did not apply to a dispute over the arrangement of physical custody and that it applied in the modification of joint custody "only where one joint custodian seeks to terminate the other's right to legal as well as physical custody." (Emphasis in original.) Paradis, 689 P.2d at 1265, 41 St.Rep. at 2043. Here, the appellant's request is different than that made in Paradis. This appellant requested "permanent custody" of the children with "limited rights of visitation" to respondent. This is more than a request for a different physical custody arrangement like the request in Paradis and does not concern the integration standard. Asking that respondent be allowed only limited visitation is equivalent to asking for sole custody. Therefore, contrary to appellant's assertion,

4

Paradis, 689 P.2d 1263, 41 St.Rep. 2041, is not controlling authority for the case at bar.

In re the Marriage of Bergner and Owens, Opinion No. 85-595, decided this same day, is distinguishable from this case, also. It concerns § 40-4-219(1)(b), MCA, on the integration of the child into the home as a basis for termination of joint custody rather than subsection (c) on serious endangerment.

After finding appellant's request to be one to terminate joint custody, the District Court considered § 40-4-224(3), MCA (1983), which provides that "any order for joint custody may be modified pursuant to § 40-4-219 to terminate joint custody." Section 40-4-219, MCA (1983), sets out the serious endangerment standard as follows:

> (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> . . .
>
> (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him . . .

Subsection (c) is a jurisdictional prerequisite to modification of a custody decree. In re Custody of Dallenger (1977), 173 Mont. 530, 534, 568 P.2d 169, 172. The rationale for placing this heavy burden on the moving party is to preserve stability and continuity of custody for children. Dallenger, 173 Mont. at 533, 568 P.2d at 171. This policy

does not change merely because the moving party uses a different label in his prayer for relief. The express purpose of the joint custody provisions are to assure a child frequent and continuing contact with each parent and to allow each parent to share the rights and responsibilities of raising the child. When one parent seeks to become permanent custodian and to relegate the other parent to limited visitation, the proposed arrangement is no longer joint custody. That parent should carry a heavy burden of proof before the court imposes such a change on a child. We hold that the District Court correctly applied the serious endangerment standard in the case at bar.

The second issue concerns whether substantial evidence supported the District Court's decision to deny appellant's request for a change in custody. This Court will not disturb the District Court's findings in a custody dispute absent a clear abuse of discretion. This Court considers only whether substantial credible evidence supports the findings. Marriage of Perry (Mont. 1985), 704 P.2d 41, 41 St.Rep. 2269.

Appellant disputes nearly all the findings pertinent to the District Court's decision. Our review of the record and findings shows the decision and all the findings below had ample support in the record. Nonparty witnesses such as the children's school teacher, the social worker who did a home study on respondent and the school nurse uniformly held the opinion that respondent provided a good environment for the children and that the children were well adjusted, healthy, outgoing and well cared for. Appellant offered no support for his contentions that the children had been exposed to violence, dishonest conduct or had not received adequate medical care. We hold that substantial credible evidence

6

supported the District Court's decision to not modify custody.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7