No. 85-595

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN RE THE MARRIAGE OF
JOHN C. BERGNER, III,

        Petitioner and Respondent,

   and

ADELA M. (BERGNER) OWENS,

        Respondent and Appellant.

APPEAL FROM:  District court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Harrison, Loendorf & Poston; John P. Poston, Helena,
        Montana

    For Respondent:

        Baiz & Olson; Kenneth Olson, Great Falls, Montana

Submitted on Briefs: May 30, 1986

Decided:  July 18, 1986

Filed:   JUL 18 1986

*Ethel M. Harrison*

—————————————————————
                   Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Adela M. (Bergner) Owens appeals the order of the Eighth Judicial District Court which modifies a provision of a divorce decree awarding her and her ex-husband, John C. Bergner, III, joint custody of their two daughters. We affirm the modification.

Adela and John Bergner were married on August 11, 1972. Two daughters were born to the couple, Eva on July 26, 1973, and Katheryne Darcy (K.D.) on March 27, 1976. The couple separated in February of 1980. The decree of dissolution was entered on March 12, 1981, in the Superior Court of California, in and for the County of Los Angeles. The decree awarded the parties joint legal custody of the children. Adela was named as the physical custodian and John was granted reasonable visitation.

The girls spent the summer of 1981 with their father. Thereafter, John, a member of the United States Air Force, was ordered to serve in Korea. One month prior to John's return to California, he received a letter from Adela asking if he would take temporary physical custody of the girls upon his return.

> They [the children] are really looking forward to seeing you again. Chris [Adela's present husband] has two part-time jobs. Things are tight. If by the end of this summer things are not any better we are going to ask you to keep them for a year and a half. That would be this summer, the school year of '83 - '84 and next summer. We already let the girls know and they are excited about it. We will know more about the situation by the end of this summer.

John returned to California in May of 1983. The girls immediately came to live with him. John married his present wife, Cindy, that same month. Cindy also has a daughter.

2

The two adults and three children currently live together as a family at Malmstrom Air Force Base in Montana.

It is undisputed that Eva and K.D. are integrated into their father's family. They attend church and church functions together. They engage in numerous family-oriented outdoor and recreational activities. John and Cindy are very involved in school activities and take an active role in ensuring that each girl's special educational needs are met. Adela testified that the integration was something she had anticipated and for which she had hoped when she suggested that John take the girls for an extended period of time.

Near the end of her allotted time with her father, Eva asked if she might continue to live with John the next school year. Adela initially consented to the request. However, one week later she changed her mind. John thereafter petitioned for modification of the custody arrangement, requesting that he be designated physical custodian. He subsequently amended his petition to request that he be awarded custody subject to the reasonable visitation rights of Adela. A hearing was held July 31, 1984, and a temporary order granting John custody was thereafter issued. Following a second hearing on April 12, 1985, the trial judge issued his final order granting John's petition for modification of custody and awarding John custody of his two daughters subject to Adela's right of reasonable visitation.

Adela appeals, raising the following issues:

1. Whether, pursuant to § 40-4-219, MCA, the District Court had jurisdiction to modify the joint custody provision of the divorce decree?

2. Whether, in light of the evidence and the statutory prerequisites concerning the best interests of the children,

3

the District Court erred in modifying the original joint custody provision?

3. Whether a parent entitled to joint custody of a child has the right to change his residence subject to the best interest of the child?

John and Adela were originally awarded joint custody of their children. Joint custody assures minor children frequent and continuing contact with their mother and their father. It further encourages the parents to share in the rewards, the privileges and the responsibilities of rearing their children. In re the Marriage of Paradis (Mont. 1984), 689 P.2d 1263, 1264, 41 St.Rep. 2041, 2043. Section 40-4-222, MCA. Although joint custody is, at least theoretically, the ideal situation, it does not always satisfy the best interest of every child. Our Legislature thus provided in § 40-4-224(3), MCA, for the termination of joint custody provided the terms of § 40-4-219, MCA, are met. However, § 40-4-219, MCA, may only be relied on to terminate a joint-custody arrangement. It may not be used to modify relationships within the joint-custody arrangement. See Paradis, 689 P.2d at 1264-1265, 41 St.Rep. at 2043.

Section 40-4-219, MCA, states in pertinent part:

40-4-219. Modification. (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
(a) the custodian agrees to the modification;
(b) the child has been integrated into the family of the petitioner with consent of the custodian;
(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him; or
(d) the child is 14 years of age or older and desires the modification.

4

Subsections (1)(a) through (1)(d) are jurisdictional prerequisites to modification. In re the Custody of Dallenger (1977), 173 Mont. 530, 534, 568 P.2d 169, 172. Once jurisdiction to modify is established using the integration criterion, the trial judge must determine whether a change has occurred in the children's and/or the custodian's circumstances and, if it has, whether that change has resulted in the children's best interests being served by a modification of custody. In re the Marriage of Hardy and Hans (Mont. 1984), 685 P.2d 372, 374, 41 St.Rep. 1566, 1568. Where joint custody is at issue, the children's best interests must be served by the termination of the joint custody arrangement.

It is undisputed in this instance that Eva and K.D. have been integrated into John's home with Adela's permission and that this integration is the only jurisdictional prerequisite for modification which has been met. Unlike in In re the Marriage of Gahn and Henson, Slip Opinion #85-376, decided this same day, there is no allegation of serious endangerment to the children in this case.

Obviously, if a joint custody arrangement has been at all successful, the children have been integrated into the homes of both their parents. This is the primary goal of joint custody. Thus, when integration is the sole jurisdictional prerequisite for termination of joint custody, the District Court must be exceedingly cautious in determining whether the circumstances of the children or their custodian have changed and in determining whether, because of that change, the best interests of the children would be served by the termination of joint custody. Otherwise, the joint-custodian with physical custody of the children will be reluctant to allow the integration of the

5

children into the other joint-custodian's home for fear of having the joint custody arrangement terminated.

Here the trial judge found that Eva and K.D.'s circumstances had changed and that their best interests would be served by granting John custody of them. Where the decision of the trial judge is supported by substantial evidence, and not an abuse of discretion, it will not be reversed by this Court. Weber v. Weber (1978), 176 Mont. 144, 147, 576 P.2d 1102, 1104.

The trial judge found that Adela gave John temporary extended custody of the girls because of her unstable financial situation. The letter Adela wrote to John supports this finding. Although it is commendable for a parent to temporarily forego her children's presence for the sake of a better life for them in the future, the parent must remain cognizant of the effect of the change of custody on the children. After all, the stability of a child's homelife is vital to his or her well-being. Gilbert v. Gilbert (1975), 166 Mont. 312, 316, 533 P. 2d 1079, 1081.

The change in physical custody caused a weighty change in Eva's and K.D.'s circumstances. They have lived with John and Cindy since May of 1983. They consider Cindy's daughter to be their younger sister. The family participates in innumerable activities together. The children appear to be the center of John and Cindy's lives. The children have become established in the Great Falls school system. They have numerous friends on which to rely as a support network. A large part of their life centers around the church attended by the family.

In contrast, Adela did not see Eva and K.D. for the entire 15 months they were to be with their father. Letters and phone calls, while beneficial in their own right, do not

equal the love and attachment developed through day to day contact. Thus we find substantial evidence to support the finding of the trial judge that Eva's and K.D.'s circumstances have changed. The focus of their lives is now their father and his family, not their mother.

Section 40-4-212, MCA, lists the factors to be considered in determining the best interest of a child.

> 40-4-212. Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
> (1) the wishes of the child's parent or parents as to his custody;
> (2) the wishes of the child as to his custodian;
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
> (4) the child's adjustment to his home, school, and community; and
> (5) the mental and physical health of all individuals involved.

The trial judge considered each of these factors. He twice interviewed each of the children in chambers. At her first interview, Eva expressed a preference to live with her father. K.D. stated only that she wanted to be with Eva. Neither girl expressed a preference at her second interview. Each parent wishes to have custody of the children.

Numerous findings of fact center on the interaction and interrelationship of Eva and K.D. with their parents. Other findings reflect the testimony of school and church officials who believe the children to be happy, content and flourishing in their present environment. Finally, there is no question but that all concerned are in excellent physical and mental health. Neither Adela nor John have any qualms about the other's ability to raise the girls.

This is a difficult case. Adela and John are both loving, competent parents. The children like and love both parents. The children would most likely be happy with either

parent following a period of adjustment. However, the trial judge, after viewing the parties concerned, interviewing the children and hearing testimony from numerous individuals, decided that the children's best interests would be served by granting John custody. There is substantial evidence to support his determination.

> This Court also recognizes the superior position of the trial judge in such matters and will not disturb the trial court's findings unless there is a mistake of law or a finding of fact not supported by credible evidence that would amount to a clear abuse of discretion. (Citations omitted.)

Gilbert, 166 Mont. at 316, 533 P.2d at 1081.

Finally, Adela raises the issue of whether a parent has the right to change residence subject to the best interest of the child. The answer is of course an unqualified "yes". Section 40-6-231, MCA. John was not awarded custody of the girls because Adela moved to Texas but because the girls' interests will best be served by allowing them to remain in the family, school and community they have enjoyed for several years.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

8

L. C. Gulbrandson,
_____
Justices