No. 89-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
LORETTA LAEL WROOT,

        Petitioner and Respondent,

  and

VANCE WAYNE WROOT,

        Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Craig W. Holt, Billings, Montana
        Alan J. Lerner, Kalispell, Montana

    For Respondent:

        Linda L. Harris; Harris & Ventrell, Billings, Montana

Submitted on Briefs: Dec. 7, 1989

Decided: December 28, 1989

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Vance W. Wroot appeals a decision of the Thirteenth Judicial District, Yellowstone County, Montana, awarding Loretta L. Wroot $4,439 in child support arrearage. We affirm.

Appellant raises essentially three issues for review:

1. Did the District Court err in not crediting health care payments made by appellant for his minor children against his child support obligation?

2. Did the District Court err in computing the amount of child support due respondent?

3. Did the District Court err in awarding attorney's fees to respondent?

The parties' marriage was dissolved on May 27, 1981 on which date the District Court entered its Final Decree. The Final Decree was amended on August 24, 1981. The Amended Final Decree required the appellant to pay child support in the amount of $125 per month per minor unemancipated child of the parties' marriage, subject to abatement for all times the children visited with appellant. At the time of the Amended Final Decree there were three minor children, Dawn, Theresa and Leah.

On July 3, 1982, prior to reaching her eighteenth birthday, Dawn married, terminating appellant's child support obligation for

her. Theresa's eighteenth birthday came on June 22, 1987. Leah still resides with respondent and will be eighteen years of age on April 24, 1990.

Since August of 1985, with respondent's consent, Theresa has lived with either appellant or her older sisters. Respondent consented to allowing appellant to pay the $125 per month child support payment to Theresa and her older sisters when Theresa lived with them. The parties agreed no child support was due for Theresa when Theresa resided with appellant.

The Amended Decree provided that appellant was to maintain his minor children on his work-related health insurance policies or on a similar policy. Respondent was to pay all other medical, dental, hospital and optical expenses of the minor children which were not paid by appellant's insurance. However, appellant paid certain health care costs of the minor children that were not covered by his insurance. Appellant testified that the parties had an agreement whereby respondent would reimburse appellant for these costs. Respondent testified that no such agreement existed.

It is undisputed that appellant has not paid any child support for Leah since March, 1986, except for $250 in 1987. While living in Colorado, respondent initiated an action to collect back child support with the Colorado State Child Support Enforcement Bureau. That action resulted in appellant executing a holdback agreement

3

whereby First Montana Title held in escrow for satisfaction of the child support judgment, monies due appellant from a real estate transaction. The District Court granted appellant's request for a preliminary injunction preventing the reserved funds from being distributed to respondent through the Colorado and Montana Child Support Enforcement Bureaus. The District Court ordered that the Montana Child Support Enforcement Bureau should hold the funds pending a hearing. The decision from that hearing forms the basis of this appeal.

I.

Did the District Court err in not crediting health care payments made by appellant for his minor children against his child support obligation?

Appellant cites us two cases, In re the Marriage of Good (1984), 213 Mont. 269, 691 P.2d 1337, and Haaby v. Haaby (1974), 165 Mont. 475, 529 P.2d 1387, where parents owing child support were given credit against that obligation because the parents had paid expenses they were not required to pay. However, all of the cases cited by appellant can be distinguished from the instant case. Those decisions to credit other payments against the child support obligation were predicated upon a finding that the parties had reached an agreement to credit such payments against the child support obligation.

4

In the instant case, the District Court found no similar agreement existed. The District Court specifically found that no express or implied agreement existed between the parties that respondent was to reimburse appellant for the health related costs that were respondent's obligation under the Amended Decree. The District Court heard conflicting testimony on this factual issue and, as trier of fact, resolved the conflict in respondent's favor. Substantial evidence supports this finding and we will not disturb it.

## II.

Did the District Court err in computing the amount of child support due respondent?

Appellant contends that the District Court neither credited appellant with the correct amount of child support he has paid nor calculated his total support obligation correctly. At the hearing, respondent testified that she was claiming child support arrearage for Leah. Upon review, we note undisputed testimony that appellant had not paid any child support for Leah since March of 1986 except for $250 in 1987. Thus, appellant owed respondent 36 months of child support at $125 per month which totals $4,500. The District Court awarded $4,439. We find no reversible error.

## III.

Did the District Court err in awarding attorney's fees to respondent?

Appellant argues that respondent should not be awarded attorney's fees because she initiated her claim for child support arrearage under false pretext. While an error did exist in the initial claim, the record discloses that respondent corrected the error when she discovered it.

The Amended Final Decree provided in part,

> 10. <u>Future Attorney's Fees</u>: Should any action be commenced to <u>enforce</u> . . . any provision contained herein, the court, as a cost of suit, <u>shall</u> award a reasonable attorney's fee to the successful party. (Emphasis added.)

Because respondent had to begin an action to collect back child support, under the clear terms of the Amended Final Decree, she was entitled to attorney's fees.

In light of our decisions above, we find it unnecessary to discuss the procedural issue raised by appellant.

Affirmed.

John Conway Harrison
_____
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7